RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
CHRISTIAN B. NIELSEN, Chief Deputy City Attorney (87972)
MATTHEW PRITCHARD, Deputy City Attorney (284118)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINA MENDOZA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF SAN JOSE; PACIFIC GAS & ELECTRIC a California registered domestic stock corporation; HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company; HUDSON SKYPORT PLAZA LAND LLC, a Delaware limited liability company; HUDSON PACIFIC PROPERTIES, INC, a Maryland corporation; SPIEKER PROPERTIES LP, a California limited partnership; EOP OPERTAING LIMITED PARTNERSHIP, a Delaware limited partnership; SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership and DOES 1-100, inclusive,<br><br>                    Defendants. | Case Number:  5:17-cv-3579 SVK<br><br>**DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT** |

        Defendant City of San Jose hereby answers Plaintiff Christina Mendoza's complaint

as follows:

1

1.     Answering paragraph 1, Defendant denies every allegation therein.

2.     Answering paragraph 2, Defendant denies that any facility associated with it was inaccessible or hazardous.  Defendant is without sufficient information regarding the remaining information contained in paragraph 2 and therefore denies the remaining allegations.

3.     Answering paragraph 3, Defendant denies that Plaintiff suffered damages or personal injuries based on the violation of her civil rights. The remainder of the paragraph describes the relief Plaintiff seeks and thus speaks for itself.

4.     Answering paragraph 4, Defendant does not currently dispute the Court's jurisdiction.

5.     Answering paragraph 5, Defendant does not currently dispute venue.

6.     Answering paragraph 6, Defendant lacks sufficient information to form a conclusion regarding the allegations therein. Defendant therefore denies every allegation in paragraph 6.

7.     Answering paragraph 7, Defendant admits that it is a public entity. Defendant denies that it designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned and/or operated and/or exerted control over the design, construction, maintenance, inspection, or modification of the sidewalk where Plaintiff alleges she was injured. Defendant denies that it discriminated against Plaintiff on the basis of her disability. Defendant lacks sufficient information to form a conclusion as to the remaining allegations in paragraph 7 and therefore denies them.

8.     Answering paragraph 8, Defendant lacks sufficient information to form a conclusion regarding the allegations therein. Defendant therefore denies every allegation in paragraph 8.

9.     Answering paragraph 9, Defendant denies every allegation therein.

10.     Answering paragraph 10, Defendant denies every allegation therein.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1     11.     Answering paragraph 11, Defendant denies that Plaintiff made a claim for

2     damages to the City of San Jose on December 13, 2016. Defendant admits that the City

3     of San Jose rejected a claim Plaintiff filed on December 22, 2016.

4     12.     Answering paragraph 12, Defendant lacks sufficient information to form a

5     conclusion regarding the allegations therein. Defendant therefore denies every allegation

6     in paragraph 12.

7     13.     Answering paragraph 13, Defendant lacks sufficient information to form a

8     conclusion regarding the allegations therein. Defendant therefore denies every allegation

9     in paragraph 13.

10    14.     Answering paragraph 14, Defendant denies that it was negligent or violated

11    legal standards for protecting disabled persons or others.  Defendant lack sufficient

12    information regarding the remaining information contained in paragraph 14 and therefore

13    denies the remaining allegations.

14    15.     Answering paragraph 15, Defendant lacks sufficient information to form a

15    conclusion regarding the allegations therein. Defendant therefore denies every allegation

16    in paragraph 15.

17    16.     Answering paragraph 16, Defendant denies that it failed to provide a safe

18    and accessible sidewalk/walkway, and denies that it denied Plaintiff her civil rights.

19    Defendant lack sufficient information regarding the remaining information contained in

20    paragraph 16 and therefore denies the remaining allegations.

21    17.     Answering paragraph 17, Defendant asserts that the majority of this

22    paragraph is legal argumentation and thus speaks for itself. Insofar as paragraph 17

23    contains factual allegations regarding Defendant's notice, level of care, or the conditions of

24    the subject sidewalk, Defendant denies the allegations. Defendant lack sufficient

25    information regarding the remaining information contained in paragraph 17 and therefore

26    denies the remaining allegations.

27

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1    18.    Answering paragraph 18, Defendant asserts that "intentionally allowed" is

2    internally contradictory and nonsensical. To the extent this paragraph alleges that

3    Defendant engaged in any conduct constituting deliberate indifference or negligence

4    toward Plaintiff, Defendant denies those allegations. Defendant denies that it engaged in

5    any wrongdoing with respect to Plaintiff. The remaining statements in paragraph 18 are

6    legal argumentation and thus speak for themselves.

7    19.    Answering paragraph 19, Defendant denies every allegation therein.

8    20.    Answering paragraph 20, Defendant likewise incorporates the denials and

9    answers set forth in paragraphs 1 through 19.

10    21.    Answering paragraph 21, Defendant asserts that the majority of this

11    paragraph is legal argumentation and thus speaks for itself. Defendant lack sufficient

12    information regarding the remaining information contained in paragraph 21 and therefore

13    denies the remaining allegations.

14    22.    Answering paragraph 22, Defendant denies that it was failed to ensure that

15    any person with a disability was not excluded from the 'services, programs, and activities'

16    of a public sidewalk, walkway, or pathway system or facility. Defendant denies that it has

17    intentionally discriminated against Plaintiff in any way. The remainder of this paragraph

18    consists of legal argumentation and thus speaks for itself.

19    23.    Answering paragraph 23, Defendant denies every allegation therein.

20    24.    Answering paragraph 24, Defendant denies that it intentionally violated the

21    ADA or any other disability law. Defendant denies that it was deliberately indifferent to the

22    needs and safety of people with disabilities. Defendant lack sufficient information

23    regarding the remaining information contained in paragraph 24 and therefore denies the

24    remaining allegations.

25    25.    Answering paragraph 25, Defendant likewise incorporates the denials and

26    answers set forth in paragraphs 1 through 25.

27

28

1    26.    Answering paragraph 26, Defendant denies that it has responsibility for

2    owning, operating, or maintaining the subject sidewalk. Defendant admits that it is a

3    government entity. Defendant lack sufficient information regarding the remaining

4    information contained in paragraph 26 and therefore denies the remaining allegations.

5    27.    Answering paragraph 27, Defendant denies every allegation therein.

6    28.    Answering paragraph 28, Defendant lacks sufficient information to form a

7    conclusion regarding the allegations therein. Defendant therefore denies every allegation

8    in paragraph 28.

9    29.    Answering paragraph 29, Defendant likewise incorporates the denials and

10   answers set forth in paragraphs 1 through 28.

11   30.    Answering paragraph 30, Defendant asserts that this paragraph is legal

12   argumentation and thus speaks for itself.

13   31.    Answering paragraph 31, Defendant denies every allegation therein.

14   32.    Answering paragraph 32, Defendant asserts that this paragraph is legal

15   argumentation and thus speaks for itself.

16   33.    Answering paragraph 33, Defendant denies having undertaken any wrongful

17   act or having failed to act in a way that affected Plaintiff.  Defendant lack sufficient

18   information regarding the remaining information contained in paragraph 33 and therefore

19   denies the remaining allegations.

20   34.    Answering paragraph 34, Defendant denies every allegation therein.

21   35.    Answering paragraph 35, Defendant denies every allegation therein.

22   36.    Answering paragraph 36, Defendant denies every allegation therein.

23   37.    Answering paragraph 37, Defendant denies every allegation therein.

24   38.    Answering paragraph 38, Defendant likewise incorporates the denials and

25   answers set forth in paragraphs 1 through 37.

26   39.    Answering paragraph 39, Defendant asserts that this paragraph is legal

27   argumentation and thus speaks for itself.

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

40.     Answering paragraph 40, Defendant denies every allegation therein.

41.     Answering paragraph 41, Defendant denies every allegation therein.

42.     Answering paragraph 42, Defendant denies every allegation therein.

43.     Answering paragraph 43, Defendant denies every allegation therein.

44.     Answering paragraph 44, Defendant likewise incorporates the denials and answers set forth in paragraphs 1 through 43.

45.     Answering paragraph 45, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

46.     Answering paragraph 46, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

47.     Answering paragraph 47, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

48.     Answering paragraph 48, Defendant asserts that this paragraph consists largely of legal argumentation and thus speaks for itself. Defendant lack sufficient information regarding the remaining information contained in paragraph 48 and therefore denies the allegations therein.

49.     Answering paragraph 49, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

50.     Answering paragraph 50, Defendant denies every allegation therein.

51.     Answering paragraph 51, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

52.     Answering paragraph 52, Defendant asserts that this paragraph is legal argumentation and thus speaks for itself.

53.     Answering 53 through 98, Defendant asserts that these paragraphs pertain to other named defendants. Defendant therefore lacks sufficient information to form a conclusion about the allegations in these paragraphs, and on that basis denies every allegation therein.

Defendant further raises the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

That Plaintiff's complaint fails to state a claim upon which relief can be granted against the City.

## SECOND AFFIRMATIVE DEFENSE

That Plaintiff's complaint exceeds the scope of her claim.

## THIRD AFFIRMATIVE DEFENSE

That Plaintiff is barred from pursuing any causes of action against the City based upon Plaintiff's failure to comply with Government Code §§ 900, *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to exhaust her administrative remedies required as a condition precedent to this action.

## FIFTH AFFIRMATIVE DEFENSE

That any loss, injury, damage or detriment, if any, suffered or sustained by Plaintiff was directly and proximately caused and contributed to by Plaintiff's assumption of the risks and hazards of the activities in which Plaintiff was engaged at the time and place referred to in Plaintiff's Complaint of which Plaintiff had full knowledge and understanding, and that said assumption of the risks bars Plaintiff's recovery.

## SIXTH AFFIRMATIVE DEFENSE

That any alleged acts or omissions allegedly causing Plaintiff's alleged damages were caused by third parties and, therefore, the City is not liable to Plaintiff for any of the alleged damages pursuant to the provisions of Government Code §§ 820.2, 820.8, 815.2, and 835(a).  The alleged damages must be also apportioned pursuant to Proposition 51.

## SEVENTH AFFIRMATIVE DEFENSE

That any and all acts or omissions of the CITY, its agents or employees which allegedly caused the damages, which are the subject of this action, were the result of the exercise of discretion vested in the CITY, its agents or employees, and therefore, the CITY

is not liable to Plaintiff for injury or damages, if any, resulting therefrom pursuant to the provisions of Government Code §§ 820.2 and 815.2.

## EIGHTH AFFIRMATIVE DEFENSE

That any Defendant acted in good faith at all times and is therefore immune under the qualified immunity doctrine as to each of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

That the CITY'S precautionary actions, and those of its employees and agents, or lack of said precautionary actions, in relation to the alleged dangerous condition were reasonable under Government Code § 835.4(b).

## TENTH AFFIRMATIVE DEFENSE

That the alleged hazardous and dangerous condition, if it existed at all, was trivial and insignificant; therefore, the City is not liable for Plaintiff's damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

That Defendant completed a transition plan in a timely manner.

## TWELFTH AFFIRMATIVE DEFENSE

That accessibility measures or barrier removals with respect to any structure or facility Plaintiff describes in her complaint would be structurally impracticable.

## THIRTEENTH AFFIRMATIVE DEFENSE

That accessibility measures or barrier removals with respect to any structure or facility Plaintiff describes in her complaint would be technically infeasible.

## FOURTEENTH AFFIRMATIVE DEFENSE

That accessibility measures or barrier removals with respect to any structure or facility Plaintiff describes in her complaint would constitute an undue burden.

## FIFTEENTH AFFIRMATIVE DEFENSE

That this Defendant has made reasonable policy modifications to ensure nondiscrimination against disabled people in access to sidewalks throughout the City of San Jose.

8

## SIXTEENTH AFFIRMATIVE DEFENSE

That reasonable efforts have been made to provide program access and remove barriers, if any, at the facilities described in Plaintiff's complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

That the City has conducted reasonable self-evaluation of city sidewalks and curbs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

That the City's sidewalk system, viewed in its entirety, is readily accessible to and usable by individuals with disabilities.

## NINETEENNTH AFFIRMATIVE DEFENSE

That construction or alteration of certain facilities described in Plaintiff's complaint may have come before the effective dates of Title II of the ADA and California Code §§ 54, et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

That this Defendant has no right or obligation to remove barriers from facilities or structures described in Plaintiff's complaint to the extent they are under the control of other entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

That the CITY asserts the affirmative defenses provided by Government Code §§ 800-1000, including, but not limited to, §§ 815, 815.2, 815.6, 818.2, 818.8, 820.2, 820.4, 820.8, 822.2, and 844.6, to the extent that subsequently discovered facts show said immunities apply to this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

That the City acted at all times in good faith and with a reasonable belief that its actions were proper and valid.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

That the CITY maintained and operated a reasonably adequate inspection system relating to the public property in question, if there be any, and that system could not detect the alleged dangerous condition on said property under Government Code §§ 835.2(b)(1) and 835.2(b)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

That some, or all, of Plaintiff's damages, if any, were caused by the actions of third parties under the provisions of San Jose Municipal Code Sections 14.16.2200 and 14.16.2205.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

That any and all acts or omissions of the CITY and its agents or employees, which allegedly created a dangerous condition of the property at the time and place of the alleged accident which is the subject of this action, were in accordance with a plan and design for the construction of an improvement to public property and said plan and design had been approved in advance of the construction and improvements by the proper legislative body and public employees exercising discretionary authority to give such approval; and said plan and design were prepared in conformity with standards previously so approved, and said approvals were reasonable. The City is therefore not liable for any of the alleged injuries or damages complained of pursuant to Government Code § 830.6.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That the wrongful acts and/or negligence of third parties contributed as a cause or causes of Plaintiff's alleged injuries and damages, and that any liability for said damages must be allocated to Plaintiff and to each such third party in accordance with the percentage share of comparative fault of each.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

That Plaintiff's Complaint is barred by the statute of limitations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to mitigate her damages.

## THIRTIETH AFFIRMATIVE DEFENSE

That Defendant has complied with all applicable regulations constituted an absolute defense to Plaintiff's claims.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

That Congress lacked the constitutional power to enact the federal statutes on which Plaintiff relies, and that enforcing the statutes would violate the Eleventh Amendment of the United States Constitution.

The conclusory nature of Plaintiff's allegations have made it impossible for the CITY to plead all affirmative defenses that may apply. The City accordingly reserves the right to amend its answer at a later time.

WHEREFORE, the City prays for judgment as follows:

1.     That judgment be rendered in favor of the City and against Plaintiff,

2.     That Plaintiff take nothing by the allegations of her complaint;

3.     That the City be awarded its costs of suit incurred herein; and

4.     For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:  August 16, 2017                    RICHARD DOYLE, City Attorney


By:  /s/ Matthew Pritchard
         MATTHEW PRITCHARD
         Deputy City Attorney

Attorneys for Defendant,
CITY OF SAN JOSE

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

## PROOF OF SERVICE

CASE NAME:    Mendoza v. City of San Jose, et al.

CASE NO.:    5:17-cv-3579 SVK

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action. My business address is 200 East Santa Clara Street, San Jose, California 95113-1905, and is located in the county where the service described below occurred.

On August 16, 2017, I caused to be served the within:

**DEFENDANT CITY OF SAN JOSE'S ANSWER
TO UNVERIFIED COMPLAINT**

☒    by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on August 16, 2017, and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

| | |
|---|---|
| Mr. Robert B. Kopelson<br>Law Office of Robert B. Kopelson<br>75 E. Santa Clara Street, #1180<br>San Jose, CA 95113<br>Phone Number: 408-293-4000<br>Fax Number: 408-293-8369<br><br>Attorneys for Cristina Mendoza, Plaintiff | Mr. Steven L. Derby<br>DERBY MCGUINNESS & GOLDSMITH LLP<br>200 Lakeside Drive, Suite A<br>Oakland, CA 94612<br>Phone Number: 510-987-8778<br>Fax Number: 510-359-4419<br><br>Attorneys for Cristina Mendoza, Plaintiff |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 16, 2017, at San Jose, California.

_____
Kimberly Ide

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT       5:17-cv-3579 SVK

1440219