1  RICHARD DOYLE, City Attorney (88625)
   NORA FRIMANN, Assistant City Attorney (93249)
2  CHRISTIAN B. NIELSEN, Chief Deputy City Attorney (87972)
   MATTHEW PRITCHARD, Deputy City Attorney (284118)
3  Office of the City Attorney
   200 East Santa Clara Street, 16th Floor
4  San José, California  95113-1905
   Telephone Number: (408) 535-1900
5  Facsimile Number:  (408) 998-3131
   E-Mail Address:  cao.main@sanjoseca.gov
6
   Attorneys for CITY OF SAN JOSE
7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12

13  CHRISTINA MENDOZA,                    Case Number:  5:17-cv-3579 SVK

14              Plaintiff,                **DEFENDANT CITY OF SAN JOSE'S
                                          ANSWER TO UNVERIFIED
15        v.                              COMPLAINT**

16  CITY OF SAN JOSE; PACIFIC GAS &
    ELECTRIC a California registered
17  domestic stock corporation; HUDSON
    SKYPORT PLAZA, LLC, a Delaware
18  limited liability company; HUDSON
    SKYPORT PLAZA LAND LLC, a
19  Delaware limited liability company;
    HUDSON PACIFIC PROPERTIES, INC, a
20  Maryland corporation; SPIEKER
    PROPERTIES LP, a California limited
21  partnership; EOP OPERTAING LIMITED
    PARTNERSHIP, a Delaware limited
22  partnership; SKYPORT I LIMITED
    PARTNERSHIP, a Delaware limited
23  partnership and DOES 1-100, inclusive,

24              Defendants.

25

26        Defendant City of San Jose hereby answers Plaintiff Christina Mendoza's complaint

27  as follows:

28
                                          1
    DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT        5:17-cv-3579 SVK

                                                                      1440219

1      1.      Answering paragraph 1, Defendant denies every allegation therein.

2      2.      Answering paragraph 2, Defendant denies that any facility associated with it

3 was inaccessible or hazardous.  Defendant is without sufficient information regarding the

4 remaining information contained in paragraph 2 and therefore denies the remaining

5 allegations.

6      3.      Answering paragraph 3, Defendant denies that Plaintiff suffered damages or

7 personal injuries based on the violation of her civil rights. The remainder of the paragraph

8 describes the relief Plaintiff seeks and thus speaks for itself.

9      4.      Answering paragraph 4, Defendant does not currently dispute the Court's

10 jurisdiction.

11      5.      Answering paragraph 5, Defendant does not currently dispute venue.

12      6.      Answering paragraph 6, Defendant lacks sufficient information to form a

13 conclusion regarding the allegations therein. Defendant therefore denies every allegation

14 in paragraph 6.

15      7.      Answering paragraph 7, Defendant admits that it is a public entity. Defendant

16 denies that it designed and/or constructed and/or modified and/or maintained and/or

17 inspected and/or owned and/or operated and/or exerted control over the design,

18 construction, maintenance, inspection, or modification of the sidewalk where Plaintiff

19 alleges she was injured. Defendant denies that it discriminated against Plaintiff on the

20 basis of her disability. Defendant lacks sufficient information to form a conclusion as to the

21 remaining allegations in paragraph 7 and therefore denies them.

22      8.      Answering paragraph 8, Defendant lacks sufficient information to form a

23 conclusion regarding the allegations therein. Defendant therefore denies every allegation

24 in paragraph 8.

25      9.      Answering paragraph 9, Defendant denies every allegation therein.

26      10.      Answering paragraph 10, Defendant denies every allegation therein.

27

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT      5:17-cv-3579 SVK

1440219

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.     Answering paragraph 11, Defendant denies that Plaintiff made a claim for damages to the City of San Jose on December 13, 2016. Defendant admits that the City of San Jose rejected a claim Plaintiff filed on December 22, 2016.

12.     Answering paragraph 12, Defendant lacks sufficient information to form a conclusion regarding the allegations therein. Defendant therefore denies every allegation in paragraph 12.

13.     Answering paragraph 13, Defendant lacks sufficient information to form a conclusion regarding the allegations therein. Defendant therefore denies every allegation in paragraph 13.

14.     Answering paragraph 14, Defendant denies that it was negligent or violated legal standards for protecting disabled persons or others.  Defendant lack sufficient information regarding the remaining information contained in paragraph 14 and therefore denies the remaining allegations.

15.     Answering paragraph 15, Defendant lacks sufficient information to form a conclusion regarding the allegations therein. Defendant therefore denies every allegation in paragraph 15.

16.     Answering paragraph 16, Defendant denies that it failed to provide a safe and accessible sidewalk/walkway, and denies that it denied Plaintiff her civil rights. Defendant lack sufficient information regarding the remaining information contained in paragraph 16 and therefore denies the remaining allegations.

17.     Answering paragraph 17, Defendant asserts that the majority of this paragraph is legal argumentation and thus speaks for itself. Insofar as paragraph 17 contains factual allegations regarding Defendant's notice, level of care, or the conditions of the subject sidewalk, Defendant denies the allegations. Defendant lack sufficient information regarding the remaining information contained in paragraph 17 and therefore denies the remaining allegations.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT         5:17-cv-3579 SVK

1440219

18. Answering paragraph 18, Defendant asserts that "intentionally allowed" is internally contradictory and nonsensical. To the extent this paragraph alleges that Defendant engaged in any conduct constituting deliberate indifference or negligence toward Plaintiff, Defendant denies those allegations. Defendant denies that it engaged in any wrongdoing with respect to Plaintiff. The remaining statements in paragraph 18 are legal argumentation and thus speak for themselves.

19. Answering paragraph 19, Defendant denies every allegation therein.

20. Answering paragraph 20, Defendant likewise incorporates the denials and answers set forth in paragraphs 1 through 19.

21. Answering paragraph 21, Defendant asserts that the majority of this paragraph is legal argumentation and thus speaks for itself. Defendant lack sufficient information regarding the remaining information contained in paragraph 21 and therefore denies the remaining allegations.

22. Answering paragraph 22, Defendant denies that it was failed to ensure that any person with a disability was not excluded from the 'services, programs, and activities' of a public sidewalk, walkway, or pathway system or facility. Defendant denies that it has intentionally discriminated against Plaintiff in any way. The remainder of this paragraph consists of legal argumentation and thus speaks for itself.

23. Answering paragraph 23, Defendant denies every allegation therein.

24. Answering paragraph 24, Defendant denies that it intentionally violated the ADA or any other disability law. Defendant denies that it was deliberately indifferent to the needs and safety of people with disabilities. Defendant lack sufficient information regarding the remaining information contained in paragraph 24 and therefore denies the remaining allegations.

25. Answering paragraph 25, Defendant likewise incorporates the denials and answers set forth in paragraphs 1 through 25.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1    26.    Answering paragraph 26, Defendant denies that it has responsibility for

2  owning, operating, or maintaining the subject sidewalk. Defendant admits that it is a

3  government entity. Defendant lack sufficient information regarding the remaining

4  information contained in paragraph 26 and therefore denies the remaining allegations.

5    27.    Answering paragraph 27, Defendant denies every allegation therein.

6    28.    Answering paragraph 28, Defendant lacks sufficient information to form a

7  conclusion regarding the allegations therein. Defendant therefore denies every allegation

8  in paragraph 28.

9    29.    Answering paragraph 29, Defendant likewise incorporates the denials and

10  answers set forth in paragraphs 1 through 28.

11    30.    Answering paragraph 30, Defendant asserts that this paragraph is legal

12  argumentation and thus speaks for itself.

13    31.    Answering paragraph 31, Defendant denies every allegation therein.

14    32.    Answering paragraph 32, Defendant asserts that this paragraph is legal

15  argumentation and thus speaks for itself.

16    33.    Answering paragraph 33, Defendant denies having undertaken any wrongful

17  act or having failed to act in a way that affected Plaintiff.  Defendant lack sufficient

18  information regarding the remaining information contained in paragraph 33 and therefore

19  denies the remaining allegations.

20    34.    Answering paragraph 34, Defendant denies every allegation therein.

21    35.    Answering paragraph 35, Defendant denies every allegation therein.

22    36.    Answering paragraph 36, Defendant denies every allegation therein.

23    37.    Answering paragraph 37, Defendant denies every allegation therein.

24    38.    Answering paragraph 38, Defendant likewise incorporates the denials and

25  answers set forth in paragraphs 1 through 37.

26    39.    Answering paragraph 39, Defendant asserts that this paragraph is legal

27  argumentation and thus speaks for itself.

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1    40.    Answering paragraph 40, Defendant denies every allegation therein.

2    41.    Answering paragraph 41, Defendant denies every allegation therein.

3    42.    Answering paragraph 42, Defendant denies every allegation therein.

4    43.    Answering paragraph 43, Defendant denies every allegation therein.

5    44.    Answering paragraph 44, Defendant likewise incorporates the denials and

6    answers set forth in paragraphs 1 through 43.

7    45.    Answering paragraph 45, Defendant asserts that this paragraph is legal

8    argumentation and thus speaks for itself.

9    46.    Answering paragraph 46, Defendant asserts that this paragraph is legal

10    argumentation and thus speaks for itself.

11    47.    Answering paragraph 47, Defendant asserts that this paragraph is legal

12    argumentation and thus speaks for itself.

13    48.    Answering paragraph 48, Defendant asserts that this paragraph consists

14    largely of legal argumentation and thus speaks for itself. Defendant lack sufficient

15    information regarding the remaining information contained in paragraph 48 and therefore

16    denies the allegations therein.

17    49.    Answering paragraph 49, Defendant asserts that this paragraph is legal

18    argumentation and thus speaks for itself.

19    50.    Answering paragraph 50, Defendant denies every allegation therein.

20    51.    Answering paragraph 51, Defendant asserts that this paragraph is legal

21    argumentation and thus speaks for itself.

22    52.    Answering paragraph 52, Defendant asserts that this paragraph is legal

23    argumentation and thus speaks for itself.

24    53.    Answering 53 through 98, Defendant asserts that these paragraphs pertain

25    to other named defendants. Defendant therefore lacks sufficient information to form a

26    conclusion about the allegations in these paragraphs, and on that basis denies every

27    allegation therein.

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1    Defendant further raises the following affirmative defenses:

2    **FIRST AFFIRMATIVE DEFENSE**

3    That Plaintiff's complaint fails to state a claim upon which relief can be granted

4    against the City.

5    **SECOND AFFIRMATIVE DEFENSE**

6    That Plaintiff's complaint exceeds the scope of her claim.

7    **THIRD AFFIRMATIVE DEFENSE**

8    That Plaintiff is barred from pursuing any causes of action against the City based

9    upon Plaintiff's failure to comply with Government Code §§ 900, *et seq.*

10   **FOURTH AFFIRMATIVE DEFENSE**

11   That Plaintiff has failed to exhaust her administrative remedies required as a

12   condition precedent to this action.

13   **FIFTH AFFIRMATIVE DEFENSE**

14   That any loss, injury, damage or detriment, if any, suffered or sustained by Plaintiff

15   was directly and proximately caused and contributed to by Plaintiff's assumption of the

16   risks and hazards of the activities in which Plaintiff was engaged at the time and place

17   referred to in Plaintiff's Complaint of which Plaintiff had full knowledge and understanding,

18   and that said assumption of the risks bars Plaintiff's recovery.

19   **SIXTH AFFIRMATIVE DEFENSE**

20   That any alleged acts or omissions allegedly causing Plaintiff's alleged damages

21   were caused by third parties and, therefore, the City is not liable to Plaintiff for any of the

22   alleged damages pursuant to the provisions of Government Code §§ 820.2, 820.8, 815.2,

23   and 835(a).  The alleged damages must be also apportioned pursuant to Proposition 51.

24   **SEVENTH AFFIRMATIVE DEFENSE**

25   That any and all acts or omissions of the CITY, its agents or employees which

26   allegedly caused the damages, which are the subject of this action, were the result of the

27   exercise of discretion vested in the CITY, its agents or employees, and therefore, the CITY

28
DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1   is not liable to Plaintiff for injury or damages, if any, resulting therefrom pursuant to the

2   provisions of Government Code §§ 820.2 and 815.2.

3   **EIGHTH AFFIRMATIVE DEFENSE**

4   That any Defendant acted in good faith at all times and is therefore immune under

5   the qualified immunity doctrine as to each of Plaintiff's claims.

6   **NINTH AFFIRMATIVE DEFENSE**

7   That the CITY'S precautionary actions, and those of its employees and agents, or

8   lack of said precautionary actions, in relation to the alleged dangerous condition were

9   reasonable under Government Code § 835.4(b).

10   **TENTH AFFIRMATIVE DEFENSE**

11   That the alleged hazardous and dangerous condition, if it existed at all, was trivial

12   and insignificant; therefore, the City is not liable for Plaintiff's damages, if any.

13   **ELEVENTH AFFIRMATIVE DEFENSE**

14   That Defendant completed a transition plan in a timely manner.

15   **TWELFTH AFFIRMATIVE DEFENSE**

16   That accessibility measures or barrier removals with respect to any structure or

17   facility Plaintiff describes in her complaint would be structurally impracticable.

18   **THIRTEENTH AFFIRMATIVE DEFENSE**

19   That accessibility measures or barrier removals with respect to any structure or

20   facility Plaintiff describes in her complaint would be technically infeasible.

21   **FOURTEENTH AFFIRMATIVE DEFENSE**

22   That accessibility measures or barrier removals with respect to any structure or

23   facility Plaintiff describes in her complaint would constitute an undue burden.

24   **FIFTEENTH AFFIRMATIVE DEFENSE**

25   That this Defendant has made reasonable policy modifications to ensure

26   nondiscrimination against disabled people in access to sidewalks throughout the City of

27   San Jose.

28

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1

## SIXTEENTH AFFIRMATIVE DEFENSE

That reasonable efforts have been made to provide program access and remove barriers, if any, at the facilities described in Plaintiff's complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

That the City has conducted reasonable self-evaluation of city sidewalks and curbs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

That the City's sidewalk system, viewed in its entirety, is readily accessible to and usable by individuals with disabilities.

## NINETEENNTH AFFIRMATIVE DEFENSE

That construction or alteration of certain facilities described in Plaintiff's complaint may have come before the effective dates of Title II of the ADA and California Code §§ 54, et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

That this Defendant has no right or obligation to remove barriers from facilities or structures described in Plaintiff's complaint to the extent they are under the control of other entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

That the CITY asserts the affirmative defenses provided by Government Code §§ 800-1000, including, but not limited to, §§ 815, 815.2, 815.6, 818.2, 818.8, 820.2, 820.4, 820.8, 822.2, and 844.6, to the extent that subsequently discovered facts show said immunities apply to this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

That the City acted at all times in good faith and with a reasonable belief that its actions were proper and valid.

9

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT        5:17-cv-3579 SVK

1440219

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

That the CITY maintained and operated a reasonably adequate inspection system relating to the public property in question, if there be any, and that system could not detect the alleged dangerous condition on said property under Government Code §§ 835.2(b)(1) and 835.2(b)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

That some, or all, of Plaintiff's damages, if any, were caused by the actions of third parties under the provisions of San Jose Municipal Code Sections 14.16.2200 and 14.16.2205.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

That any and all acts or omissions of the CITY and its agents or employees, which allegedly created a dangerous condition of the property at the time and place of the alleged accident which is the subject of this action, were in accordance with a plan and design for the construction of an improvement to public property and said plan and design had been approved in advance of the construction and improvements by the proper legislative body and public employees exercising discretionary authority to give such approval; and said plan and design were prepared in conformity with standards previously so approved, and said approvals were reasonable.  The City is therefore not liable for any of the alleged injuries or damages complained of pursuant to Government Code § 830.6.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

That the wrongful acts and/or negligence of third parties contributed as a cause or causes of Plaintiff's alleged injuries and damages, and that any liability for said damages must be allocated to Plaintiff and to each such third party in accordance with the percentage share of comparative fault of each.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

That Plaintiff's Complaint is barred by the statute of limitations.

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219

1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

2       That Plaintiff has failed to mitigate her damages.

3

**THIRTIETH AFFIRMATIVE DEFENSE**

4       That Defendant has complied with all applicable regulations constituted an absolute

5   defense to Plaintiff's claims.

6

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

7       That Congress lacked the constitutional power to enact the federal statutes on

8   which Plaintiff relies, and that enforcing the statutes would violate the Eleventh

9   Amendment of the United States Constitution.

10       The conclusory nature of Plaintiff's allegations have made it impossible for the CITY

11   to plead all affirmative defenses that may apply. The City accordingly reserves the right to

12   amend its answer at a later time.

13

14       WHEREFORE, the City prays for judgment as follows:

15       1.      That judgment be rendered in favor of the City and against Plaintiff,

16       2.      That Plaintiff take nothing by the allegations of her complaint;

17       3.      That the City be awarded its costs of suit incurred herein; and

18       4.      For such other and further relief as this Court may deem just and proper.

19

20

21                                           Respectfully submitted,

22   Dated:  August 16, 2017                 RICHARD DOYLE, City Attorney

23

24                                           By:   _/s/ Matthew Pritchard_____
                                                   MATTHEW PRITCHARD
25                                                 Deputy City Attorney

26                                           Attorneys for Defendant,
                                             CITY OF SAN JOSE
27

28
DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT        5:17-cv-3579 SVK

1440219

**PROOF OF SERVICE**

CASE NAME:   Mendoza v. City of San Jose, et al.

CASE NO.:      5:17-cv-3579 SVK

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

On August 16, 2017, I caused to be served the within:

**DEFENDANT CITY OF SAN JOSE'S ANSWER
TO UNVERIFIED COMPLAINT**

☒      by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on August 16, 2017, and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Mr. Robert B. Kopelson
Law Office of Robert B. Kopelson
75 E. Santa Clara Street, #1180
San Jose, CA  95113
Phone Number:  408-293-4000
Fax Number:  408-293-8369

Attorneys for Cristina Mendoza, Plaintiff

Mr. Steven L. Derby
DERBY MCGUINNESS & GOLDSMITH LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
Phone Number:  510-987-8778
Fax Number:  510-359-4419

Attorneys for Cristina Mendoza, Plaintiff

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 16, 2017, at San Jose, California.

Kimberly Ide

DEFENDANT CITY OF SAN JOSE'S ANSWER TO UNVERIFIED COMPLAINT          5:17-cv-3579 SVK

1440219