David A. Clinton, Esq. (Bar No. 150107)
dclinton@clinton-clinton.com
Laurie C. Book, Esq. (Bar No. 280368)
lbook@clinton-clinton.com
**CLINTON & CLINTON**
100 Oceangate, 14th Floor
Long Beach, California 90802
Ph.: (562) 216-5000
Fax: (562) 216-5001

Attorneys for Defendants, **SPIEKER PROPERTIES LP, EOP OPERATING LIMITED PARTNERSHIP, LP, and CA – SKYPORT LIMITED PARTNERSHIP**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **CRISTINA MENDOZA,** )<br><br>Plaintiff, )<br><br>v. )<br><br>**CITY OF SAN JOSE PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSTON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPO,** )<br><br>Defendants. ) | CASE NO.: C17-3579 SVK<br><br>**DEFENDANTS, SPIEKER PROPERTIES LP, EOP OPERATING LIMITED PARTNERSHIP, LP AND CA – SKYPORT LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF, CRISTINA MENDOZA'S COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendants, SPIEKER PROPERTIES LP, EOP OPERATING LIMITED

PARTNERSHIP, LP, and CA – SKYPORT LIMITED PARTNERSHIP (hereinafter collectively

"Defendants"), for themselves alone and not for any other party, answer the unverified

Complaint of Plaintiff, CRISTINA MENDOZA (hereinafter "Plaintiff") by admitting, alleging

and denying as follows:

1. Answering Paragraph 1, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to Plaintiff's status as a qualified person with a disability, and on that basis, deny the allegations with respect to her status as such. Except for those allegations denied on the basis of Defendants' lack of sufficient knowledge, Defendants deny each and every allegation contained in Paragraph 1.

2. Answering Paragraph 2, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations with respect to Plaintiff's status as a "person with a disability," "physically handicapped person," or "mobility impaired" and on that basis, deny the allegations with respect to her status as such. Except for those allegations denied on the basis of Defendants' lack of sufficient knowledge, Defendants deny each and every allegation contained in Paragraph 2.

3. Answering Paragraph 3, Defendants deny that Plaintiff should be awarded any relief against Defendants and deny each and every allegation contained in Paragraph 3.

4. Answering Paragraph 4, Defendants admit that the relief sought, as alleged by Plaintiff, is within the jurisdiction of the above-captioned Court. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 4.

5. Answering Paragraph 5, Defendants admit that venue is proper in the above-captioned Court. Except as expressly admitted, Defendants deny each and every allegation contained in Paragraph 5.

6. Answering Paragraph 6, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 6.

7. Answering Paragraph 7, Defendants admit that the City of San Jose is a public entity. Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in this paragraph against the CITY OF SAN JOSE; PACIFIC GAS & ELECTRIC COMPANY; HUDSON SKYPORT PLAZA, LLC; HUDSON SKYPORT PLAZA LAND,

LLC; and HUDSON PACIFIC PROPERTIES, INC.; and on that basis, deny each and every allegation contained in Paragraph 7. Except for those allegations admitted, as well as those allegations denied on the basis of Defendants' lack of sufficient knowledge, Defendants deny each and every allegation contained in Paragraph 7.

8.      Answering Paragraph 8, there are no allegations contained in Paragraph 8.

9.      Answering Paragraph 9, Defendants deny each and every allegation in Paragraph 9.

10.     Answering Paragraph 10, Defendants deny each and every allegation in Paragraph 10.

11.     Answering Paragraph 11, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 11.

12.     Answering Paragraph 12, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph with respect to what happened on the evening of the incident and what Plaintiff did on that evening, and on that basis deny such allegations. Except for those allegations expressly admitted or denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 12.

13.     Answering Paragraph 13, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 13.

14.     Answering Paragraph 14, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 14.

15.     Answering Paragraph 15, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 15.

16.     Answering Paragraph 16, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 16.

17.     Answering Paragraph 17, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 17.

18.     Answering Paragraph 18, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 18.

19.     Answering Paragraph 19, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON

PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 19.

## ANSWER TO FIRST CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANTS – DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990

20.     Answering Paragraph 20, there are no allegations contained in Paragraph 20.

21.     Answering Paragraph 21, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 21.

22.     Answering Paragraph 22, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 22.

23.     Answering Paragraph 23, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 23.

24.     Answering Paragraph 24, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 24.

## ANSWER TO SECOND CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANTS – FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)

25.     Answering Paragraph 25, there are no allegations contained in Paragraph 25.

26.     Answering Paragraph 26, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 26.

27.     Answering Paragraph 27, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on

that basis, deny each and every allegation contained in Paragraph 27.

28. Answering Paragraph 28, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 28.

## ANSWER TO THIRD CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANTS – FOR VIOLATIONS OF MANDATORY DUTY OF PUBLIC ENTITIES TO PROTECT AGAINST PARTICULAR KINDS OF INJURIES UNDER CALIFORNIA GOVERNMENT CODE § 815.6

29. Answering Paragraph 29, there are no allegations contained in this paragraph.

30. Answering Paragraph 30, Defendants admit that Government Code section 815.6 states what Plaintiff alleges it states in Paragraph 30.

31. Answering Paragraph 31, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 31.

32. Answering Paragraph 32, there are no allegations contained in Paragraph 32.

33. Answering Paragraph 33, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 33.

34. Answering Paragraph 34, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 34.

35. Answering Paragraph 35, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 35.

36. Answering Paragraph 36, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 36.

37. Answering Paragraph 37, Defendants are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 37.

## ANSWER TO FOURTH CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANTS – FOR DANGEROUS CONDITION OF PUBLIC PROPERTY UNDER CALIFORNIA GOVERNMENT CODE § 835

38. Answering Paragraph 38, there are no allegations contained in Paragraph 38.

39. Answering Paragraph 39, Defendants admit that Government Code section 835 states what Plaintiff alleges it states.

40. Answering Paragraph 40, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 40.

41. Answering Paragraph 41, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 41.

42. Answering Paragraph 42, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 42.

43. Answering Paragraph 43, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 43.

## ANSWER TO FIFTH CAUSE OF ACTION AGAINST THE GOVERNMENT DEFENDANTS – FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 4450 ET SEQ.

44. Answering Paragraph 44, there are no allegations contained in Paragraph 44.

45. Answering Paragraph 45, Defendants admit that Civil Code section 54(a) states what Plaintiff alleges that it states.

46. Answering Paragraph 46, Defendants admit that Civil Code section 54.1 states what Plaintiff alleges that it states.

47.     Answering Paragraph 47, Defendants admit that Civil Code section 51(b) states what Plaintiff alleges that it states.

48.     Answering Paragraph 48, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 48.

49.     Answering Paragraph 49, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 49.

50.     Answering Paragraph 50, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 50.

51.     Answering Paragraph 51, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 51.

52.     Answering Paragraph 52, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 52.

## ANSWER TO SIXTH CAUSE OF ACTION – FOR DISCRIMINATION IN VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990

53.     Answering Paragraph 53, there are no allegations contained in Paragraph 53.

54.     Answering Paragraph 54, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 54.

55.     Answering Paragraph 55, Defendants are without sufficient knowledge or

1  information to form a belief as to the truth of the allegations contained in this paragraph, and on
2  that basis, deny each and every allegation contained in Paragraph 55.
3      56.    Answering Paragraph 56, Defendants admit that the cited statute states what
4  Plaintiff alleges it states.
5      57.    Answering Paragraph 57, Defendants are without sufficient knowledge or
6  information to form a belief as to the truth of the allegations contained in this paragraph alleged
7  against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND,
8  LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.
9  Except for those allegations denied based on lack of sufficient information or knowledge,
10  Defendants deny each and every allegation contained in Paragraph 57.
11      58.    Answering Paragraph 58, Defendants admit that the cited statute states what
12  Plaintiff alleges it states.
13      59,    Answering Paragraph 59, Defendants are without sufficient knowledge or
14  information to form a belief as to the truth of the allegations contained in this paragraph alleged
15  against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND,
16  LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.
17  Except for those allegations denied based on lack of sufficient information or knowledge,
18  Defendants deny each and every allegation contained in Paragraph 59.
19      60.    Answering Paragraph 60, Defendants deny each and every allegation contained in
20  Paragraph 60.
21      61.    Answering Paragraph 61, Defendants admit that 42 U.S.C. section 12183(a)(2)
22  states what Plaintiff alleges it states. Defendants are without sufficient knowledge or information
23  to form a belief as to the truth of the allegations contained in this paragraph alleged against
24  defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC,
25  and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except
26  for those allegations denied based on lack of sufficient information or knowledge, Defendants
27  deny each and every allegation contained in Paragraph 61.
28      62.    Answering Paragraph 62, Defendants admit that the statute states what Plaintiff

1  alleges that it states.

2      63.    Answering Paragraph 63, Defendants admit that the statute states what Plaintiff

3  alleges that it states.

4      64.    Answering Paragraph 64, Defendants admit that the statute states what Plaintiff

5  alleges that it states.

6      65.    Answering Paragraph 65, Defendants deny each and every allegation contained in

7  Paragraph 65.

8      66.    Answering Paragraph 66, Defendants are without sufficient knowledge or

9  information to form a belief as to the truth of the allegations contained in this paragraph, and on

10  that basis, deny each and every allegation contained in Paragraph 66.

11      **ANSWER TO SEVENTH CAUSE OF ACTION – FOR VIOLATION OF**

12      **CALIFORNIA CIVIL CODE § 51, 54, 54.1 AND CALIFORNIA**

13      **HEALTH & SAFETY CODE §§ 19953 ET SEQ.**

14      67.    Answering Paragraph 67, there are no allegations contained in Paragraph 67.

15      68.    Answering Paragraph 68, Defendants admit that Civil Code section 54(a) states

16  what Plaintiff alleges that it states.

17      69.    Answering Paragraph 69, Defendants admit that Civil Code section 54.1 states

18  what Plaintiff alleges that it states.

19      70.    Answering Paragraph 70, Defendants admit that Civil Code section 51(b) states

20  what Plaintiff alleges that it states.

21      71.    Answering Paragraph 71, Defendants admit that California Health & Safety Code

22  sections 19955 and 19955.5 were enacted for the purpose that Plaintiff alleges they were enacted

23  according to the plain language of the statute. Defendants are without sufficient knowledge or

24  information to form a belief as to the truth of the allegations contained in this paragraph alleged

25  against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND,

26  LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

27  Except for those allegations admitted or denied based on lack of sufficient information or

28  knowledge, Defendants deny each and every allegation contained in Paragraph 71.

72. Answering Paragraph 72, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 72.

73. Answering Paragraph 73, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 73.

74. Answering Paragraph 74, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 74.

75. Answering Paragraph 75, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 75.

## ANSWER TO EIGHTH CAUSE OF ACTION – FOR NEGLIGENCE AND NEGLIGENCE PER SE

76. Answering Paragraph 76, there are no allegations contained in Paragraph 76.

77. Answering Paragraph 77, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 77.

78. Answering Paragraph 78, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 78.

79. Answering Paragraph 79, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, deny each and every allegation contained in Paragraph 79.

80. Answering Paragraph 80, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 80.

81. Answering Paragraph 81, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 81.

82. Answering Paragraph 82, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Except for those allegations denied based on lack of sufficient information or knowledge, Defendants deny each and every allegation contained in Paragraph 82.

83. Answering Paragraph 83, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph alleged against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,

1   INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
2   of sufficient information or knowledge, Defendants deny each and every allegation contained in
3   Paragraph 83.

4          84.     Answering Paragraph 84, Defendants are without sufficient knowledge or
5   information to form a belief as to the truth of the allegations contained in this paragraph alleged
6   against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
7   LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
8   INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
9   of sufficient information or knowledge, Defendants deny each and every allegation contained in
10  Paragraph 84.

11         85.     Answering Paragraph 85, Defendants are without sufficient knowledge or
12  information to form a belief as to the truth of the allegations contained in this paragraph alleged
13  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
14  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
15  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
16  of sufficient information or knowledge, Defendants deny each and every allegation contained in
17  Paragraph 85.

18         86.     Answering Paragraph 86, Defendants are without sufficient knowledge or
19  information to form a belief as to the truth of the allegations contained in this paragraph alleged
20  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
21  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
22  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
23  of sufficient information or knowledge, Defendants deny each and every allegation contained in
24  Paragraph 86.

25         87.     Answering Paragraph 87, Defendants are without sufficient knowledge or
26  information to form a belief as to the truth of the allegations contained in this paragraph alleged
27  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
28  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,

1  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
2  of sufficient information or knowledge, Defendants deny each and every allegation contained in
3  Paragraph 87.

4      88.    Answering Paragraph 88, Defendants are without sufficient knowledge or
5  information to form a belief as to the truth of the allegations contained in this paragraph alleged
6  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
7  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
8  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
9  of sufficient information or knowledge, Defendants deny each and every allegation contained in
10 Paragraph 88.

11     89.    Answering Paragraph 89, Defendants are without sufficient knowledge or
12 information to form a belief as to the truth of the allegations contained in this paragraph, and on
13 that basis, deny each and every allegation contained in Paragraph 89.

14     90.    Answering Paragraph 90, Defendants are without sufficient knowledge or
15 information to form a belief as to the truth of the allegations contained in this paragraph alleged
16 against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
17 LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
18 INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
19 of sufficient information or knowledge, Defendants deny each and every allegation contained in
20 Paragraph 90.

21     91.    Answering Paragraph 91, Defendants are without sufficient knowledge or
22 information to form a belief as to the truth of the allegations contained in this paragraph alleged
23 against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,
24 LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,
25 INC., and on that basis, deny such allegations. Except for those allegations denied based on lack
26 of sufficient information or knowledge, Defendants deny each and every allegation contained in
27 Paragraph 91.

28     92.    Answering Paragraph 92, Defendants are without sufficient knowledge or

1  information to form a belief as to the truth of the allegations contained in this paragraph alleged

2  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,

3  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,

4  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack

5  of sufficient information or knowledge, Defendants deny each and every allegation contained in

6  Paragraph 92.

7        93.    Answering Paragraph 93, Defendants are without sufficient knowledge or

8  information to form a belief as to the truth of the allegations contained in this paragraph alleged

9  against defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA,

10  LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES,

11  INC., and on that basis, deny such allegations. Except for those allegations denied based on lack

12  of sufficient information or knowledge, Defendants deny each and every allegation contained in

13  Paragraph 93.

14

15      **ANSWER TO NINTH CAUSE OF ACTION – FOR VIOLATION OF SAN JOSE**

16                 **MUNICIPAL CODE SECTION 14.16.2200**

17        94.    Answering Paragraph 94, there are no allegations contained in Paragraph 94.

18        95.    Answering Paragraph 95, Defendants admit that the statute states what Plaintiff

19  alleges that it states.

20        96.    Answering Paragraph 96, Defendants admit that the statute states what Plaintiff

21  alleges that it states.

22        97.    Answering Paragraph 97, Defendants admit that the statute states what Plaintiff

23  alleges that it states.

24        98.    Answering Paragraph 98, Defendants are without sufficient knowledge or

25  information to form a belief as to the truth of the allegations contained in this paragraph alleged

26  against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND,

27  LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

28  Except for those allegations denied based on lack of sufficient information or knowledge,

Defendants deny each and every allegation contained in Paragraph 98.

## PLAINTIFF'S PRAYER FOR RELIEF AGAINST THE GOVERNMENT DEFENDANTS FOR THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH CAUSES OF ACTION

1.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 1 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

2.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 2 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

3.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 3 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

4.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 4 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

5.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 5 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

6.    Defendants are without sufficient knowledge or information to form a belief as to the appropriateness of the relief sought in Paragraph 6 of Plaintiff's prayer for relief, and on that basis deny that Plaintiff is entitled to such relief.

## PLAINTIFF'S PRAYER FOR RELIEF AGAINST THE SKYPORT DEFENDANTS FOR THE SIXTH, SEVENTH, AND NINTH CAUSES OF ACTION

1.    Defendants are without sufficient knowledge or information to form a belief as to the propriety of the relief sought in Paragraph 1 of Plaintiff's prayer for relief as alleged against defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

1   Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 1 as against

2   Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP,

3   and CA – SKYPORT LIMITED PARTNERSHIP.

4          2.      Defendants are without sufficient knowledge or information to form a belief as to

5   the propriety of the relief sought in Paragraph 2 of Plaintiff's prayer for relief as alleged against

6   defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC,

7   and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

8   Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 2 as against

9   Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP,

10  and CA – SKYPORT LIMITED PARTNERSHIP.

11         3.      Defendants are without sufficient knowledge or information to form a belief as to

12  the propriety of the relief sought in Paragraph 3 of Plaintiff's prayer for relief as alleged against

13  defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC,

14  and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

15  Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 3 as against

16  Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP,

17  and CA – SKYPORT LIMITED PARTNERSHIP.

18         4.      Defendants are without sufficient knowledge or information to form a belief as to

19  the propriety of the relief sought in Paragraph 4 of Plaintiff's prayer for relief as alleged against

20  defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC,

21  and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

22  Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 4 as against

23  Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP,

24  and CA – SKYPORT LIMITED PARTNERSHIP.

25         5.      Defendants are without sufficient knowledge or information to form a belief as to

26  the propriety of the relief sought in Paragraph 5 of Plaintiff's prayer for relief as alleged against

27  defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC,

28  and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations.

| | |
|---|---|
| 1 | Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 5 as against |
| 2 | Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP, |
| 3 | and CA – SKYPORT LIMITED PARTNERSHIP. |
| 4 | 6.      Defendants are without sufficient knowledge or information to form a belief as to |
| 5 | the propriety of the relief sought in Paragraph 6 of Plaintiff's prayer for relief as alleged against |
| 6 | defendants HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, |
| 7 | and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. |
| 8 | Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 6 as against |
| 9 | Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP, |
| 10 | and CA – SKYPORT LIMITED PARTNERSHIP. |
| 11 | **PLAINTIFF'S PRAYER FOR RELIEF AGAINST ALL DEFENDANTS OTHER THAN** |
| 12 | **THE GOVERNMENT DEFENDANTS FOR THE EIGHTH CAUSE OF ACTION** |
| 13 | 1.      Defendants are without sufficient knowledge or information to form a belief as to |
| 14 | the propriety of the relief sought in Paragraph 1 of Plaintiff's prayer for relief as alleged against |
| 15 | defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, |
| 16 | HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and |
| 17 | on that basis, deny such allegations. Defendants deny that Plaintiff is entitled to the relief sought |
| 18 | in Paragraph 1 as against Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, |
| 19 | SPIEKER PROPERTIES LP, and CA – SKYPORT LIMITED PARTNERSHIP. |
| 20 | 2.      Defendants are without sufficient knowledge or information to form a belief as to |
| 21 | the propriety of the relief sought in Paragraph 2 of Plaintiff's prayer for relief as alleged against |
| 22 | defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, |
| 23 | HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and |
| 24 | on that basis, deny such allegations. Defendants deny that Plaintiff is entitled to the relief sought |
| 25 | in Paragraph 2 as against Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, |
| 26 | SPIEKER PROPERTIES LP, and CA – SKYPORT LIMITED PARTNERSHIP. |
| 27 | 3.      Defendants are without sufficient knowledge or information to form a belief as to |
| 28 | the propriety of the relief sought in Paragraph 3 of Plaintiff's prayer for relief as alleged against |

defendants PACIFIC GAS & ELECTRIC COMPANY, HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, and HUDSON PACIFIC PROPERTIES, INC., and on that basis, deny such allegations. Defendants deny that Plaintiff is entitled to the relief sought in Paragraph 3 as against Defendants, EOP OPERATING LIMITED PARTNERSHIP, LP, SPIEKER PROPERTIES LP, and CA – SKYPORT LIMITED PARTNERSHIP.

## AFFIRMATIVE DEFENSES

Defendants assert each of the following affirmative defenses as to the purported cause of action of the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      The Plaintiff's Complaint fails to set forth sufficient facts necessary to constitute any cause or causes of action against these answering Defendants, and fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      The Plaintiff's Complaint and each purported Cause of Action therein, is barred by the provisions of <u>Code of Civil Procedure</u> Sections 335, 338(1), 338(4), 339(1), 340(1), 340(3), and 340.2, 343, 353, and therefore, Plaintiffs are barred from recovering the relief sought in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

3.      That these answering Defendants exercised reasonable care at all times herein mentioned, such that no violation of a statutory duty or other ordinance could be attributed to this Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.      At all times and places mentioned in the Complaint herein, Plaintiff failed to exercise that quality and quantity of care and caution which a reasonable individual in the same or similar circumstances would have exercised for the protection of themselves; said failure and negligence by Plaintiff proximately caused and contributed to the injuries and damages, if any,

sustained by Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5.    That the damages and injuries sustained by the Plaintiff, if any, were caused, in whole or in part, by the Plaintiff herself.

## SIXTH AFFIRMATIVE DEFENSE

6.    These answering Defendants alleges that at all times and places mentioned in the Plaintiff's Complaint, no act, omission, conduct, or product attributable to it caused or contributed to any injury or damage sustained by the Plaintiff, and that if Plaintiff's injuries and damages, if any, were not solely caused by her own acts, omissions, and other conduct, then said injuries and damages were proximately caused or contributed to by the negligent or other tortious acts, omissions, conduct and products of persons and parties other than these answering Defendants; any damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributable to said other persons and parties. There should also be an apportionment of the harm and damage claimed.

## SEVENTH AFFIRMATIVE DEFENSE

7.    At all times and places mentioned in the Complaint, Plaintiff was aware of each and all of the conditions and circumstances then and there existing and prevailing, but nonetheless knowingly and voluntarily exposed themselves to each and every risk which then and there was attendant upon such circumstances and conditions; said assumption of the risk by Plaintiff proximately caused any injuries and damages which may have been sustained by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

8.    If these answering Defendants are responsible to the Plaintiff, which responsibility is expressly denied, these answering Defendants shall be liable to Plaintiff only for the amount of non-economic damages allocated to these answering Defendants in direct proportion to these answering Defendants' percentage of fault, in accordance with California Civil Code Sections 1431 et seq, commonly known as the Fair Responsibility Act of 1986.

## NINTH AFFIRMATIVE DEFENSE

9.    The loss, injury or damages, if any, incurred by the Plaintiff was the result of

superseding intervening causes arising from negligent or willful acts or omissions by parties not presently known to these answering Defendants and these responding Defendants neither controlled or had the right to control nor proximately cause any such acts, omissions or other conduct.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's injuries, loss, and/or damages, if any, were and are the result of an open, obvious, and apparent danger that was known to and recognized by Plaintiffs but who nevertheless knowingly, willingly, intentionally, and voluntarily exposed herself to said danger, thereby assuming the risk of accident, injury, and damage.

## ELEVENTH AFFIRMATIVE DEFENSE

11. These responding Defendants did not own, operate, manage or control the subject premises at the time of the occurrence of the subject incident, and therefore, these responding Defendants did not owe a duty to Plaintiff relative to the issues that are at issue in her Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

12. These responding Defendants currently have insufficient information upon which to form a belief as to the existence of the additional, as yet unstated, affirmative defenses. Defendants reserve its right to assert additional affirmative defenses in the event discovery discloses the existence of additional affirmative defenses.

## PRAYER:

WHEREFORE, Defendants pray that judgment be entered in their favor, and against Plaintiff, as follows:

1. That damages sought in the Complaint, as amended, now or in the future, or otherwise, be denied;

2. For costs of suit incurred herein;

3. That if these Defendants are found liable, that the degree of responsibility and liability for the resulting damages be determined and apportioned in accordance with Civil Code Section 1431 et seq, commonly known as the Fair Responsibility Act of 1986; and

4. For other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL:

PLEASE TAKE NOTICE that Defendants hereby demand a trial by jury in the above-entitled matter.

DATED: September 5, 2017

CLINTON & CLINTON

By:

DAVID A. CLINTON, ESQ.
LAURIE C. BOOK, ESQ.
Attorneys for Defendants, **SPIEKER PROPERTIES LP, EOP OPERATING LIMITED PARTNERSHIP, LP, and CA – SKYPORT LIMITED PARTNERSHIP**

F:\C & C\Defendants\155-Equity Office\17\010-Mendoza\Pleading\Answer01-Rev.doc

*Answer to Plaintiff, Cristina Mendoza's Complaint*

## PROOF OF SERVICE:
### (California Code of Civil Procedure § 1013A(3))

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 100 Oceangate, Long Beach, California 90802.

On September 5, 2017, I served the foregoing document described as: **DEFENDANTS, SPIEKER PROPERTIES LP, EOP OPERATING LIMITED PARTNERSHIP, LP AND CA – SKYPORT LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF, CRISTINA MENDOZA'S COMPLAINT; DEMAND FOR JURY TRIAL** on the parties to this action by placing a true copy thereof in a sealed envelope or package addressed to the person(s) at the address(es) as set forth below and caused said envelope or package to be served in the following manner:

### SEE SERVICE LIST BELOW

_X_ (By Mail) I caused such envelope or package with postage thereon fully prepaid to be placed in the United States mail at Long Beach, California. I am readily familiar with this firm's practice of collecting and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for the mailing in affidavit.

_____ (By Fax) I caused such documents to be faxed at Long Beach, California from Fax number (562)216-5001. The facsimile machine I used compiled with Rule 2.301 of the California Rules of Court, and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

_____ (By Personal Service) I caused such envelope or package to be delivered by hand to the addressee(s).

_____ (By Electronic Mail) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address tfurkioti@clinton-clinton.com to the person(s)s at the e-mail address(es) listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____ (State) I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on September 5, 2017 at Long Beach, California.

TESSA FURKIOTI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST:

| | |
|---|---|
| Robert Kopelson, Esq.<br>**LAW OFFICE OF ROBERT B. KOPELSON**<br>75 E. Santa Clara Street, Suite 1180<br>San Jose, CA 95113<br>Telephone: (408) 293-4000<br>Fax: (408) 293-8369<br>Email: kopelaw@hotmail.com<br><br>Steven L. Derby, Esq.<br>Anthony E. Goldsmith, Esq.<br>**DERBY McGUINNESS & GOLDSMITH LLP**<br>200 Lake Drive, Suite A<br>Oakland, CA 94612<br>Telephone; (510) 987-8778<br>Fax: (510) 359-4419<br>Email: info@dmglawfirm.com<br><br>***Attorney for Plaintiff, CRISTINA MENDOZA*** | |