DAVID M. McLAUGHLIN (SBN 131973)
SPIROS E FOUSEKIS (SBN 260387)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA 94063-2052
Telephone: (650) 364-8200
Facsimile: (650) 780-1701
Email: david.mclaughlin@rmkb.com
spiros.fousekis@rmkb.com

Attorneys for Defendants
HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CRISTINA MENDOZA,

Plaintiff,

v.

CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPOERTIES LP, a California limited partnership, EOP OPERATING LIMITED PARTNERSHIP, LP, a Delaware limited partnership, CA – SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership, and DOES 1-100, Inclusive,

Defendants.

CASE NO. 5:17-cv-03579-SVK

**DEFENDANTS' HUDSON SKYPORT PLAZA, LLC, HUDSON SKYPORT PLAZA LAND, LLC, AND HUDSON PACIFIC PROPERTIES, INC.'S ANSWER TO PLAINTIFF CRISTINA MENDOZA'S UNVERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

**DEMAND FOR JURY TRIAL**

Defendants HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, and



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation (hereafter, "Defendants"), hereby answer the allegations set forth in Plaintiff Cristina Mendoza's Complaint ("Complaint"), as follows:

1. Answering Paragraph 1 of the Complaint, Defendants deny that they designed, constructed, owned, operated, maintained, inspected, created, or allowed to exist any hazardous or inaccessible conditions at 1650 Technology Drive, San Jose, California, as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

2. Answering Paragraph 2 of the Complaint, Defendants deny that they were associated with any inaccessible and hazardous facilities, conditions and elements as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

3. Answering Paragraph 3 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

4. Answering Paragraph 4 of the Complaint, Defendants do not currently dispute the Court's jurisdiction.

5. Answering Paragraph 5 of the Complaint, Defendants do not currently dispute venue in this matter.

6. Answering Paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

7. Answering Paragraph 7 of the Complaint, Hudson Skyport Plaza, LLC and Hudson Skyport Plaza Land, LLC admit that they are both Delaware limited liability companies, and that Hudson Pacific Properties, Inc. admits that it is a Maryland corporation. Defendants deny that they designed, constructed, altered, modified, owned or operated the sidewalk/walkway area where Plaintiff was injured as alleged in this Paragraph. Defendants further deny that they own property located at "1650 Skyport Drive" in San Jose, California, as alleged in this

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Paragraph. Defendants further object to the definition of the term "Property" or "Facility" as defined in this Paragraph, as "1650 Skyport Drive, San Jose, CA" does not exist, rendering these terms ambiguous and unintelligible. Defendant Hudson Skyport Plaza, LLC, admits it owns the property located at 1650 Technology Drive, San Jose, California, but denies it designed and/or constructed this property. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph including the allegations that they owned, controlled and/or maintained the location where Plaintiff alleges she became injured, and on that basis, deny these allegations.

8. Answering Paragraph 8 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

9. Answering Paragraph 9 of the Complaint, Defendants deny every allegation stated therein.

10. Answering Paragraph 10 of the Complaint, Defendants deny that they are legally responsible for the occurrences alleged by Plaintiff in the Complaint. Defendants further deny that Plaintiff's injuries were caused by the acts or omissions of Defendants. Defendants deny that the separate existence of Defendant entities would permit an abuse of the corporate privilege or would sanction fraud and/or promote injustice. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

11. Answering Paragraph 11 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

12. Answering Paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

13. Answering Paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

that basis, deny these allegations.

14. Answering Paragraph 14 of the Complaint, Defendants deny that they were negligent or committed any violation of disabled access and safety standards protecting disabled persons as alleged in this Paragraph. Defendants further deny that the acts or omissions of Defendants or their employees, agents, contractors, or subcontractors, were a substantial factor in Plaintiff's injuries and other damages as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

15. Answering Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny these allegations.

16. Answering Paragraph 16 of the Complaint, Defendants deny that they failed to provide a safe and accessible sidewalk/walkway or that Defendants denied Plaintiff of her civil rights as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

17. Answering Paragraph 17 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny all allegations regarding notice of any dangerous conditions, level of care, or other duties owed by Defendants to Plaintiff as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

18. Answering Paragraph 18 of the Complaint, Defendants deny that they that they breached any duty of care to Plaintiff as alleged in this Paragraph. Defendants further deny that they had any duty with respect to the condition of the sidewalk/walkway on which Plaintiff was injured as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

19. Answering Paragraph 19 of the Complaint, Defendants deny that they owned, operated, designed, constructed, modified, maintained, inspected, or exerted control over the sidewalk/walkway area where Plaintiff was injured as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

20. Answering Paragraphs 20 through 52 of the Complaint, Defendants assert that these Paragraphs are alleged against other named defendants, and not Defendants. Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis, deny the allegations contained therein.

21. Answering Paragraph 53 of the Complaint, Defendants incorporate their previous admissions and denials as if restated fully herein.

22. Answering Paragraph 54 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that they owned, leased, or operated the "Facility" as the location is defined by the Plaintiff in this Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

23. Answering Paragraph 55 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

24. Answering Paragraph 56 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

25. Answering Paragraph 57 of the Complaint, Defendants deny every allegation stated therein.

26. Answering Paragraph 58 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

27. Answering Paragraph 59 of the Complaint, Defendants deny every allegation stated therein.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

28. Answering Paragraph 60 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that they designed, built and constructed the "Facility" as stated in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

29. Answering Paragraph 61 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that they failed to design and conduct alterations at the "Property" in compliance with the ADA as stated in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

30. Answering Paragraphs 62, 63, and 64 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

31. Answering Paragraphs 65 and 66 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis, deny these allegations.

32. Answering Paragraph 67 of the Complaint, Defendants incorporate their previous admissions and denials as if restated fully herein.

33. Answering Paragraphs 68, 69, and 70 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

34. Answering Paragraph 71 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that they designed and constructed the "Facility", including but not limited to the sidewalk/walkway on which Plaintiff was purportedly injured as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

35. Answering Paragraph 72 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Paragraph, and on that basis, deny these allegations.

36. Answering Paragraph 73 of the Complaint, Defendants deny every allegation stated therein.

37. Answering Paragraphs 74 and 75 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that Plaintiff is entitled to an award of damages, attorneys' fees and costs from Defendants.

38. Answering Paragraph 76 of the Complaint, Defendants incorporate their previous admissions and denials as if restated fully herein.

39. Answering Paragraph 77 of the Complaint, Defendants deny that they were negligent or otherwise breached any duty to Plaintiff creating a dangerous condition at the "Property" as alleged in this Paragraph.

40. Answering Paragraphs 78 and 79 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in these Paragraphs, and on that basis, deny these allegations.

41. Answering Paragraphs 80 and 81 of the Complaint, Defendants deny every allegation stated therein.

42. Answering Paragraph 82 of the Complaint, Defendants deny that they created any dangerous condition as alleged in this Paragraph.

43. Answering Paragraphs 83 and 84 of the Complaint, Defendants deny every allegation stated therein.

44. Answering Paragraph 85 of the Complaint, Defendants deny every allegation stated therein.

45. Answering Paragraph 86 of the Complaint, Defendants object to these allegations to the extent that the undefined terms "their work", "the area", and "the public property" are so vague as to render the allegation unintelligible. Defendants deny every allegation contained in this Paragraph.

46. Answering Paragraph 87 of the Complaint, Defendants deny every allegation stated therein.



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

47. Answering Paragraph 88 of the Complaint, Defendants deny that they had any duty to install any safety and/or preventative measures to guard against accidents in the area of the "Property" at issue as alleged in this Paragraph.

48. Answering Paragraph 89 of the Complaint, Defendants deny that they were negligent.

49. Answering Paragraph 90 of the Complaint, Defendants deny that they owed any duty of reasonable care to Plaintiff or that they breached such duty to Plaintiff as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

50. Answering Paragraph 91 of the Complaint, Defendants deny that their negligence was a substantial factor in Plaintiff's purported injury as alleged in this Paragraph. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

51. Answering Paragraph 92 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that their conduct constituted negligence *per se*. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, deny these allegations.

52. Answering Paragraph 93 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required. Defendants deny that they are liable to Plaintiff under a theory of *respondeat superior* for actions of Defendants' employees.

53. Answering Paragraph 94 of the Complaint, Defendants incorporate their previous admissions and denials as if restated fully herein.

54. Answering Paragraphs 95, 96, and 97 of the Complaint, Plaintiff makes legal assertions or conclusions to which no responsive pleading is required.

55. Answering Paragraph 98 of the Complaint, Defendants deny every allegation stated therein.

56. Other than those matters previously admitted or denied in Paragraphs 1-55 stated

herein, Defendants deny any remaining allegations in Plaintiff's Complaint.

**ANSWERING PLAINTIFF'S PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief stated in Paragraphs 1 through 6 relating to Plaintiff's Sixth, Seventh, and Ninth causes of action, and Paragraphs 1 through 3 relating to Plaintiff's Eighth cause of action, Defendants deny that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses:

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, or 340.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff was careless and negligent in and about the matters alleged in the Complaint on file herein and that said carelessness and negligence on Plaintiff's own part contributed as a proximate cause to the occurrence of the incident and to the injuries, loss and damage complained of herein.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that they are immune from liability because Defendants were reasonably justified in believing that their actions were lawful and because they acted without malicious intent and in good faith.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims are barred by the doctrine of laches.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

herein, these answering Defendants allege that Plaintiff waived and is estopped and barred from alleging the matters set forth in the Complaint.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the Complaint, to the extent that it seeks exemplary or punitive damages, fines, or penalties, violates Defendants' rights of procedural due process under the Fourteenth Amendment of the United States Constitution and of the Constitution of the State of California, and therefore fails to state a claim upon which exemplary or punitive damages, fines, or penalties, can be awarded.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the Complaint, to the extent that it seeks punitive or exemplary damages, fines, or penalties, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and violates Defendant's right to substantive due process, as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and therefore fails to support a claim upon which punitive or exemplary damages, fines, or penalties, can be awarded.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiffs failed to join an indispensable party as a defendant to the Complaint.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that they are not an owner or lessor of the premises and the location of where Plaintiff alleges her injury occurred, as alleged herein.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that there has been no violation of law with respect to access to the premises alleged in the Complaint because said difficulties are not discriminatory but are caused by the structure of the premises as presently constructed, and the alterations or modifications of the premises demanded by Plaintiffs are not required by law.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims are barred in whole or in part

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

based on the Avoidable Consequences Doctrine.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the sole and proximate cause of the matters complained of by Plaintiff in her Complaint was due to the acts and/or omissions of persons and entities other than these answering Defendants.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that if Plaintiff suffered or sustained any loss, damage, or injury as alleged in the Complaint, that loss, damage, or injury was proximately caused or contributed to, in whole or in part, by the negligence or wrongful conduct of other parties, persons, or entities, including, without limitation, Plaintiff, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage, or injury of which Plaintiff complains; that should Plaintiff recover damages, Defendants are entitled to have the amount thereof abated, reduced or eliminated to the extent that Plaintiff's negligence caused or contributed to their injuries, if any.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that their conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiff.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the injuries alleged by Plaintiff were either wholly or in part negligently caused by persons, firms, corporations or entities other than these answering Defendants, and that said negligence is either imputed to Plaintiff by reason of the relationship of said parties to Plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by these answering Defendants. Defendants further allege that the rights, duties and obligations of all responsible persons and entities, whether or not parties, should be determined and apportioned on the basis of comparative indemnity and provisions of Civil Code Sections 1431.1 through 1431.5.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that to the extent the Complaint seeks

enforcement of any ordinance, code or regulation, the Court may not have subject matter jurisdiction because of Plaintiff's failure to exhaust her administrative remedies.

AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that they are not liable to Plaintiff because Plaintiff failed to establish the sufficient degree of harm by these Defendants, if any. Furthermore, these answering Defendants expressly deny that they contributed to the alleged property conditions as they were neither the property owners nor the occupants of the subject premises, but in the event it is determined that these answering Defendants contributed to any of the alleged property conditions, these answering Defendants are not liable to Plaintiff because these answering Defendants' contribution, if any, were de minimus.

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiffs' claims are barred because the barrier removal(s) Plaintiffs seek pursuant to the ADA are not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense within the meaning of 42 U.S.C. § 12181(9).

AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Defendants have made good faith efforts to comply with the ADA, the Unruh Act, and the California Disabled Persons Act.

AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that if Plaintiff suffered any damages (and answering Defendants deny that Plaintiff suffered any such damage), any damages otherwise recoverable are barred and/or limited by Plaintiff's failure to make reasonable and diligent efforts to mitigate her claimed damages.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims fail to allege facts sufficient to establish a legal duty on the part of these answering Defendants.

AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that the Complaint, and each claim therein, is barred, in whole or in part, by the doctrine of unclean hands.

AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that at all times material in this action, the alleged dangerous or defective condition as described in the Complaint was open and obvious to Plaintiff and, as such, bars any recovery in this action or diminishes Plaintiff's recovery to the extent that Plaintiff's loss, damage, or injury is attributable to the existence of the alleged dangerous or defective condition.

AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that if it is established that these Defendants are in any manner legally responsible for Plaintiff's alleged damages, if any there were, these answering Defendants would be entitled to indemnity and/or contribution from co-defendants, named and unnamed in the Complaint, in direct proportion to said co-defendants' negligence or other actionable conduct which proximately caused or contributed to Plaintiff's alleged damages, if any there were.

AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff is not a qualified person with disabilities and therefore cannot recover as a matter of law.

AS A TWENTY-EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants deny having any actual or constructive notice of the defect/dangerous condition alleged in Plaintiff's Complaint.

AS A TWENTY-NINTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's Complaint fails because Plaintiff lacks standing or Plaintiff's claim is not ripe.



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

AS A THIRTIETH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that at the date and time of the incident alleged herein, Plaintiff assumed certain risks and hazards, that were known and said assumption of the risk was a proximate (legal) cause of the injuries and damages allegedly sustained by Plaintiff. To the extent thereof, Plaintiff is barred from recovery.

AS A THIRTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims based on state and municipal law are preempted by applicable federal law.

AS A THIRTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff's claims are barred by the doctrine of collateral estoppel and/or the doctrine of claim preclusion.

AS A THIRTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiff fails to state facts sufficient to support a claim or award of attorney fees and costs under any legal or equitable theory.

AS A THIRTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that Plaintiffs' claims are barred because Defendants did not create the barrier Plaintiff alleges existed and/or caused her injuries pursuant to the ADA.

AS A THIRTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, these answering Defendants allege that they are entitled to various privileges, immunities, and affirmative defenses as the same are set forth in the cases, laws, and statutes of the State of California. The full nature and extent of such privileges, immunities, and affirmative defenses applicable hereto, are presently unknown to Defendants; therefore, Defendants pray for leave of court to allow them to amend this Answer to extend and insert the full nature and extent of such privileges, immunities, and affirmative defenses when the same have become fully ascertained and known. Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available to them. Defendants, therefore, reserve the right to assert additional affirmative defenses in the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

event discovery indicates that such defenses may be appropriate.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing against Defendants and that Plaintiff's Complaint be dismissed;

2. That the Court enter judgment for Defendants for their attorney fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial, as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: September 6, 2017

ROPERS, MAJESKI, KOHN & BENTLEY

By: */s/ Spiros E. Fousekis*
DAVID M. McLAUGHLIN
SPIROS E FOUSEKIS
Attorneys for Defendants
HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation