Robert Kopelson, Esq. (SBN 83523)
Law Office of Robert B. Kopelson
75 E. Santa Clara Street, Suite 1180
San Jose, CA 95113
Telephone: (408) 293-4000
Facsimile: (408) 293-8369
Email: kopelaw@hotmail.com

Steven L. Derby, Esq. (SBN 148372)
Anthony E. Goldsmith, Esq. (SBN 125621)
Celia McGuinness, Esq. (SBN 159420)
DERBY McGUINNESS & GOLDSMITH LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

Attorney for Plaintiff
CRISTINA MENDOZA

\* Defendants and their respective counsel listed after the caption.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA MENDOZA,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER PROPERTIES LP, a California limited partnership, EOP OPERTAING LIMITED PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED PARTNERSHIP, a Delaware limited partnership; and DOES 1-100, Inclusive,<br><br>                Defendants. | Case No. 5:17-cv-03579 SVK<br>Civil Rights<br><br>**CONSENT DECREE AND [~~PROPOSED~~] ORDER FOR INJUNCTIVE RELIEF ONLY**<br><br>Action Filed: June 21, 2017 |

1.       Plaintiff CRISTINA MENDOZA filed a Complaint in this action on October

4, 2017, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42

1  U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages

2  for discriminatory experiences, denial of access, and denial of civil rights against Defendants

3  CITY OF SAN JOSE, PACIFIC GAS & ELECTRIC COMPANY, a California registered

4  domestic stock corporation, HUDSON SKYPORT PLAZA, LLC, a Delaware limited

5  liability company, HUDSON SKYPORT PLAZA LAND, LLC, a Delaware limited liability

6  company, HUDSON PACIFIC PROPERTIES, INC., a Maryland corporation, SPIEKER

7  PROPERTIES LP, a California limited partnership, EOP OPERATING LIMITED

8  PARTNERSHIP, LP, a Delaware limited partnership CA – SKYPORT I LIMITED

9  PARTNERSHIP, a Delaware limited partnership ("Defendants").  Plaintiff has alleged that

10  Defendants violated Titles II and III of the ADA; Section 504 of the Rehabilitation Act,

11  sections 51, 52, 54, and 54.1, of the California Civil Code, and California Government Code

12  sections 815.6, 835 and 4450 *et seq.;* California Health and Safety Code sections 19953 *et*

13  *seq.*; and San Jose Municipal Code Section 14.16.2200 by failing to provide full and equal

14  access to users of the facilities located at 50 and 90 Skyport Drive, 1600, 1650, 1700

15  Technology Drive, San Jose, California (the "Property").

16      2.     Plaintiff has agreed to dismiss Defendants CITY OF SAN JOSE, SPIEKER

17  PROPERTIES LP, a California limited partnership, EOP OPERATING LIMITED

18  PARTNERSHIP, LP, a Delaware limited partnership, CA – SKYPORT I LIMITED

19  PARTNERSHIP, a Delaware limited partnership and they are not parties to this agreement.

20  Likewise, Defendant PACIFIC GAS AND ELECTRIC is not a party to this agreement.

21      3.     In order to avoid the costs, expense, and uncertainty of protracted litigation,

22  on the issue of injunctive relief only, Plaintiff and Defendants HUDSON SKYPORT

23  PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND,

24  LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a

25  Maryland corporation, (together sometimes the "Parties") agree to entry of this Consent

26  Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint

27  without the need for protracted litigation.  Accordingly, the Parties agree to the entry of this

28  Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's

1   claims for injunctive relief only and only as to the Defendants HUDSON SKYPORT

2   PLAZA, LLC, a Delaware limited liability company, HUDSON SKYPORT PLAZA LAND,

3   LLC, a Delaware limited liability company, HUDSON PACIFIC PROPERTIES, INC., a

4   Maryland corporation (hereinafter the "Hudson Defendants"). Therefore, the "Parties" to this

5   Consent Decree shall be Plaintiff and the Hudson Defendants only. The Hudson Defendants

6   enter this Consent Decree, without admission of any legal or factual assertion set forth in

7   Plaintiff's Complaint, and without prejudice to the Hudson Defendants' ability to contest the

8   legal sufficiency or merits of any other allegations in Plaintiff's Complaint or of a complaint

9   in any other proceeding.

10

11  **JURISDICTION:**

12        4.      The Parties to this Consent Decree and Order agree that the Court has

13  jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the

14  ADA, 42 U.S.C. sections 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged

15  violations of California Civil Code sections 51, 54, and 54.1.

16        WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the

17  Court's entry of this Consent Decree and Order, which provide as follows:

18

19  **SETTLEMENT OF INJUNCTIVE RELIEF:**

20        5.      This Order shall be a full, complete, and final disposition and settlement of

21  Plaintiff's claims against the Hudson Defendants for injunctive relief only that have arisen

22  out of the subject Complaint.

23        6.      The Parties agree and stipulate that the corrective work will be performed in

24  compliance with the standards and specifications for disabled access as set forth in the

25  California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

26  for Accessible Design, unless other standards are specifically agreed to in this Consent

27  Decree and Order.

28        a.      **Remedial Measures and Administrative Procedures:** Except as

otherwise provided herein, the corrective work agreed upon by the Parties to be performed at the Property is set forth in **Exhibit A**, attached and incorporated herewith.  The Hudson Defendants agree to undertake all of the respective remedial measures and implement the administrative procedures as set forth therein.

b.   **Timing**:  The Hudson Defendants will complete each item on the **Exhibit A** on or before twenty-four (24) months from the entry of the Consent Decree.  In the event that unforeseen difficulties prevent the Hudson Defendants from completing any of the agreed-upon injunctive relief, said defendants or their counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with said defendants, and to approve the delay by stipulation or otherwise respond to said defendants' notice.  If the Parties cannot reach agreement regarding the delay within that time period, either party may seek relief from the Court.

c.   The Hudson Defendants or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status update to Plaintiff's counsel no later than 180 days from the entry of this Consent Decree and Order.

d.   The Hudson Defendants or defense counsel will notify Plaintiff in writing at the end of 180 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all corrective measures are completed.  If the Hudson Defendants fail to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, the Parties shall meet and confer regarding the timetable. If Plaintiff files a motion with the Court to obtain

- 4 -

compliance with these terms, Plaintiff reserves the right to seek
additional attorney's fees for any compliance work necessitated by
said defendants' failure to keep this agreement.  If the Parties disagree,
the Parties agree to participate in a Magistrate Judge-conducted
Settlement Conference for the purposes of resolving the disputed fees.
If the Settlement Conference fails to resolve the fee dispute, Plaintiff
may seek relief via motion for an order directing said defendants to
pay Plaintiff's counsel reasonably incurred fees.

**NO RESOLUTION OF DAMAGES, ATTORNEYS' FEES, LITIGATION
EXPENSES, AND COSTS:**

7.    This Consent Decree and proposed order is for injunctive relief only and does
not cover, encompass or compromise Plaintiff's right to seek payment of damages, whether
they be actual, statutory or punitive damages from all Defendants (other than those whom
Plaintiff has dismissed) nor does it affect the rights of Plaintiff's counsel to seek
reimbursement of attorneys' fees, costs and litigation expenses.

**ENTIRE CONSENT DECREE AND ORDER:**

8.    This Consent Decree and Order constitute the entire agreement between the
signing Parties on the matters of injunctive relief and no other statement, promise, or
agreement, either written or oral, made by any of the Parties or agents of any of the Parties
that is not contained in this written Consent Decree and Order, shall be enforceable regarding
the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN
INTEREST:**

9.    This Consent Decree and Order shall be binding on Plaintiff, the Hudson
Defendants, and any successors-in-interest.  Said defendants have a duty to so notify all such

- 5 -

1  successors-in-interest of the existence and terms of this Consent Decree and Order during the

2  period of the Court's jurisdiction of this Consent Decree and Order.

3      10.      Except for all obligations required in this Consent Decree and Order each of

4  the Parties to this Consent Decree and Order, on behalf of each of their respective agents,

5  representatives, predecessors, successors, heirs, partners, and assigns, releases and forever

6  discharges each other Party and all officers, directors, shareholders, subsidiaries, joint

7  venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance

8  carriers, heirs, predecessors, and representatives of each other Party, from all claims,

9  demands, actions, and causes of action of whatever kind or nature, presently known or

10 unknown, arising out of or in any way connected with the lawsuit.

11

12 **RELEASE OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ONLY:**

13

14      11.      In consideration for the terms, covenants, conditions and promises contained

15 within this Consent Decree, and other valuable consideration, the receipt and sufficiency of

16 which the Parties expressly acknowledge, Plaintiff, and those acting on her behalf (including

17 attorneys, heirs, beneficiaries, executors, trustees, administrators, representatives, consultants,

18 contractors, successors, agents and assigns), shall forever release the Hudson Defendants from

19 any and all Claims for injunctive relief.

20      12.      The term Claims as used anywhere in this Consent Decree shall refer to any and

21 all claims for injunctive relief occurring or for causes of action existing now or at any time prior

22 to the signing of this Consent Decree, including without limitation, the claims related to

23 injunctive relief contained within the filed Complaint in this lawsuit, claims for injunctive relief

24 or any acts or omissions, currently known or unknown, foreseeable or unforeseeable, alleged, or

25 which could have been alleged by Plaintiffs, in this or any court or administrative or

26 governmental proceeding, related to the Property, including, but not limited to, claims for

27 accessibility violations under the ADA or California law, claims of any nature relating to the

28 Property or claims regarding its policies, practices and procedures, (collectively "Claims").

13. Plaintiff expressly waives the rights provided under California Civil Code Section 1542 as to the Hudson Defendants with respect to Plaintiffs' claims for injunctive relief, which states:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

Plaintiffs' counsel has explained the significance and consequences of a California Civil Code Section 1542 waiver to Plaintiff, and Plaintiffs understands the same and assume full responsibility for, and risk of, any damages or losses caused by this waiver.

14.     Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action for injunctive relief, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

15.     This Consent Decree and Order shall be in full force and effect for a period of sixty (60) months after the date of entry of this Consent Decree and Order by the Court

**SEVERABILITY:**

16.     If any term of this Consent Decree and Order is determined by any court to be

1  unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in

2  full force and effect.

3

4  **SIGNATORIES BIND PARTIES:**

5      17.    Signatories on the behalf of the Parties represent that they are authorized to

6  bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be

7  signed in counterparts and a facsimile signature shall have the same force and effect as an

8  original signature.

                      **END OF PAGE.**

9  **SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END**

10                        **OF THE DOCUMENT.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE AND [PROPOSED] ORDER

1   Dated: _____, 2018          PLAINTIFF CRISTINA MENDOZA

2

3                                       _____

4                                       CRISTINA MENDOZA

5   Dated: _____, 2018          HUDSON SKYPORT PLAZA, LLC

6                                       By: _____
                                        Print name: KAY TIDWELL
7                                       Title: Executive Vice President, General Counsel of
8                                       Hudson Pacific Properties

9   Dated: _____, 2018          HUDSON SKYPORT PLAZA LAND, LLC

10                                      By: _____
                                        Print name: KAY TIDWELL
11                                      Title: Executive Vice President, General Counsel of
12                                      Hudson Pacific Properties

13  Dated: _____, 2018          HUDSON PACIFIC PROPERTIES, INC.

14                                      By: _____
                                        Print name: KAY TIDWELL
15                                      Title: Executive Vice President, General Counsel of
16                                      Hudson Pacific Properties

17  Approved as to form:

18  Dated: _____, 2018          DERBY, McGUINNESS & GOLDSMITH, LLP

19

20                                      _____
                                        By: ANTHONY GOLDSMITH, ESQ.
21                                      STEVEN L. DERBY, ESQ
                                        Attorneys for Plaintiff
22                                      CRISTINA MENDOZA

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CONSENT DECREE AND [PROPOSED] ORDER

1  Dated: May 16 , 2018                PLAINTIFF CRISTINA MENDOZA

2

3                                      _____
                                       CRISTINA MENDOZA
4

5  Dated: _____, 2018            HUDSON SKYPORT PLAZA, LLC

6                                      By: _____
                                       Print name: KAY TIDWELL
7                                      Title: Executive Vice President, General Counsel of
                                       Hudson Pacific Properties
8

9  Dated: _____, 2018            HUDSON SKYPORT PLAZA LAND, LLC

10                                     By: _____
                                       Print name: KAY TIDWELL
11                                     Title: Executive Vice President, General Counsel of
                                       Hudson Pacific Properties
12

13 Dated: _____, 2018            HUDSON PACIFIC PROPERTIES, INC.

14                                     By: _____
                                       Print name: KAY TIDWELL
15                                     Title: Executive Vice President, General Counsel of
                                       Hudson Pacific Properties
16

17 Approved as to form:

18 Dated: _____, 2018            DERBY, McGUINNESS & GOLDSMITH, LLP

19

20                                     _____
                                       By: ANTHONY GOLDSMITH, ESQ.
21                                     STEVEN L. DERBY, ESQ
                                       Attorneys for Plaintiff
22                                     CRISTINA MENDOZA

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    Dated: _____, 2018              PLAINTIFF CRISTINA MENDOZA

2

3                                            _____

4                                            CRISTINA MENDOZA

5    Dated: _____, 2018              HUDSON SKYPORT PLAZA, LLC

6                                            By: _____
7                                            Print name:_____
                                             Title: _____
8
     Dated: _____, 2018              HUDSON SKYPORT PLAZA LAND, LLC
9
                                             By: _____
10                                           Print name:_____
                                             Title: _____
11

12   Dated: _____, 2018              HUDSON PACIFIC PROPERTIES, INC.

13                                           By: _____
                                             Print name:_____
14                                           Title: _____

15   Approved as to form:

16   Dated: May 31, 2018                      DERBY, McGUINNESS & GOLDSMITH, LLP

17

18                                            _____/s/_____
19                                            By:  STEVEN L. DERBY, ESQ
                                             Attorneys for Plaintiff
20                                           CRISTINA MENDOZA

21

22   Dated: May 31, 2018                      ROPERS, MAJESKI, KOHN & BENTLEY

23

24                                            _____/s/_____
                                             By:  SPIROS E. FOUSEKIS, ESQ.
25                                           Attorneys for Defendants
                                             HUDSON SKYPORT PLAZA, LLC, a Delaware
26                                           limited liability company, HUDSON SKYPORT
                                             PLAZA LAND, LLC, a Delaware limited liability
27                                           company, HUDSON PACIFIC PROPERTIES,
                                             INC., a Maryland corporation
28

Dated: _____, 2018          ROPERS, MAJESKI, KOHN & BENTLEY


                                     _____/_____
                                     By:  SPIROS E. FOUSEKIS, ESQ.
                                     Attorneys for Defendants
                                     HUDSON SKYPORT PLAZA, LLC, a Delaware
                                     limited liability company, HUDSON SKYPORT
                                     PLAZA LAND, LLC, a Delaware liability
                                     company, HUDSON PACIFIC PROPERTIES,
                                     INC., a Maryland corporation

                                     **ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.


Dated: June  8 , 2018

                                     Honorable Susan van Keulen
                                     United States Magistrate Judge

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|------|-------------|------------|
| | **Accessible Parking (additional codes for Parking Facilities and Structures)** | |
| | **11B-216.5.2.1 Signs intended for use by pedestrians within parking facilities, including directional or informational signs indicating parking sections or levels, shall comply with the following:** | |
| 10 | Additional signs. Site Entrance Signage shall be provided within parking facilities containing accessible parking spaces | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Parking (General): Retail parking off Technology Dr. (73 stalls) - in front of #1600** | |
| | **Parking Stall and Access Aisle Dimensions (measured from centerline of markings)** | |
| 32 | Width of access aisles serving car and van parking spaces shall be 5' wide minimum and shall extend the full required length of the parking spaces they serve | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 35 | Cross and direct slope of stall and access aisle to be 2% maximum. Changes in level are not permitted | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Parking (General): Off Technology Dr. In front of #1650** | |
| | **Parking Stall and Access Aisle Dimensions (measured from centerline of markings)** | |
| 74 | Cross and direct slope of stall and access aisle to be 2% maximum. Changes in level are not permitted | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 82 | Sign must be reflectorized and no smaller than 70" sq. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Parking (General): In front of #1700** | |
| | **Parking Stall and Access Aisle Dimensions (measured from centerline of markings)** | |
| 112 | Cross and direct slope of stall and access aisle to be 2% maximum. Changes in level are not permitted | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Parking (General): 4/F parking garage with approximately 250 /F = 1000. 4/ = 1 van + 3 ADA. 3/F = 1 van + 4 ADA. 2/F = 1 van + 5 ADA. 1/F = 1 van + 5 ADA** | |
| | **General Compliance** | |
| 139 | Install 36" wide detectable warning at in between pedestrian areas and vehicular areas not separated by curbs, railings, or other elements | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 141 | Detectable warning surfaces shall contrast with adjacent walking surfaces | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Signage** | |
| 156 | Sign must be reflectorized and no smaller than 70" sq. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Route** | |
| 200 | Within a site. At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 201 | Spaces and elements. At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements within the building or facility, including mezzanines, which are otherwise connected by a circulation path unless exempted by Section 11B-206.2.3 Exceptions 1 through 7 (Multi-story compliance) | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 205 | Continuous surface: Walks and sidewalks shall have a continuous common surface, not interrupted by steps or abrupt changes in level exceeding 1/4", or 1/2" at 50% slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 208 | Direct slope cannot exceed 5% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 210 | Cross slope cannot exceed 2% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 217 | Directional sign with ISA consisting of a white figure on a blue background must be placed along an accessible route indicating direction to nearest accessible entrances when the accessible route diverges from the regular circulation path. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|---|---|---|
| 222 | Install 36" wide detectable warning at in between pedestrian areas and vehicular areas not separated by curbs, railings, or other elements | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 224 | Detectable warning surfaces shall contrast with adjacent walking surfaces | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Accessible Route: Temporary route to city sidewalk** | |
| 231 | Walk or sidewalk surface to be stable, firm, and slip resistant | The Hudson Defendants shall provide an accessible path of travel. |
| 233 | Continuous surface: Walks and sidewalks shall have a continuous common surface, not interrupted by steps or abrupt changes in level exceeding 1/4", or 1/2" at 50% slope | The Hudson Defendants shall provide an accessible path of travel. |
| 237 | Cross slope cannot exceed 2% | The Hudson Defendants shall provide an accessible path of travel. |
| 239 | Warning curbs. Abrupt changes in level exceeding 4" vertical located between walks, sidewalks or other pedestrian ways and adjacent surfaces shall be identified by warning curbs projecting at least 6" in height above the walk or sidewalk surface to warn the blind of a potential drop off | The Hudson Defendants shall provide an accessible path of travel. |
| 240 | Clear width of walks and sidewalks shall be 48" minimum | The Hudson Defendants shall provide an accessible path of travel. |
| 243 | Where the accessible route makes a 180 degree turn around an element which is less than 48" wide, clear width of route shall be 42" minimum approaching the turn, 48" minimum at the turn, and 42" minimum leaving the turn | The Hudson Defendants shall provide an accessible path of travel. |
| | If walk or sidewalk has less than 60" clear width, accessible route shall provide a passing space at intervals not to exceed 200'. Passing spaces can either be a 60" x 60" minimum space, or a T-intersection extending 48" minimum beyond the intersection in all directions | |
| 249 | Directional sign with ISA consisting of a white figure on a blue background must be placed along an accessible route indicating direction to nearest accessible entrances when the accessible route diverges from the regular circulation path. | |
| 250 | Overhanging obstructions. Any obstruction that overhangs a pedestrian's way shall be a minimum of 80" above walking surface. Guardrails or other barriers shall be provided where the vertical clearance is less than 80" and shall be located 27" maximum above the floor | |
| 253 | Security barriers. Security barriers, including but not limited to, security bollards and security check points, shall not obstruct a required accessible route or accessible means of egress. | The Hudson Defendants shall provide an accessible path of travel. |
| | **Curb Ramps and Blended Transition: At parking for #1600** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 258 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 262 | Floor or ground surface of maneuvering space slope shall be firm and slip resistant | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 267 | Landings shall be designed to prevent accumulation of water | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 270 | Slope of adjoining gutters and road surfaces immediately adjacent to and within 24" of curb ramp cannot exceed 5% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: Main Entrance to #1600** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 295 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 305 | Slope of adjoining gutters and road surfaces immediately adjacent to and within 24" of curb ramp cannot exceed 5% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Perpendicular curb ramps - additional requirements** | |
| 311 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: Along accessible route to & from #1600** | |
| | **Perpendicular curb ramps - additional requirements** | |
| 344 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: @ parking for #1700** | |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|------|-------------|------------|
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 363 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Perpendicular curb ramps - additional requirements** | |
| 378 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: Near parking garage entrance & rear of #1700** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 405 | Slope of adjoining gutters and road surfaces immediately adjacent to and within 24" of curb ramp cannot exceed 5% | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 407 | Detectable warning: Curb ramps and blended transitions to have detectable warning contrasting visually with adjoining surfaces. The material used to provide contrast shall be an integral part of the walking surface. | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 408 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 409 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| | **Perpendicular curb ramps - additional requirements** | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 411 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 412 | Slope of flared sides of curb ramp cannot exceed 10% | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| 414 | Level landing: Depth shall be 48" minimum at upper end of curb ramp over its full width and cannot exceed 2% slope in all directions | The Hudson Defendants shall provide an accessible alternative path of travel with compliant signage to the accessible route. |
| | **Curb Ramps and Blended Transition: At parking by retail strip - left side** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 431 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 433 | Floor or ground surface of maneuvering space slope shall be firm and slip resistant | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 442 | Detectable warning: Curb ramps and blended transitions to have detectable warning contrasting visually with adjoining surfaces. The material used to provide contrast shall be an integral part of the walking surface. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 443 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 444 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Perpendicular curb ramps - additional requirements** | |
| 446 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: From retail strip to fountain island** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 464 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 469 | Curb ramp and flared sides shall not encroach on vehicular traffic lanes, parking spaces, or parking access aisles. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|---|---|---|
| 476 | Detectable warning: Curb ramps and blended transitions to have detectable warning contrasting visually with adjoining surfaces. The material used to provide contrast shall be an integral part of the walking surface. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 477 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 478 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Perpendicular curb ramps - additional requirements** | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 480 | Direct slope of ramp cannot exceed 8.33% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: From street to fountain island (from retail strip)** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 505 | Landings shall be designed to prevent accumulation of water | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 509 | Slope of adjoining gutters and road surfaces immediately adjacent to and within 24" of curb ramp cannot exceed 5% | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 512 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 513 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: At parking by retail strip - right side** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 544 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 545 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Curb Ramps and Blended Transition: At north corner sidewalk by temporary city 'accessible route'** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 565 | Transition height at lip of curb ramp or blended transition cannot exceed 1/2" at 1:2 slope | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 574 | Slope of adjoining gutters and road surfaces immediately adjacent to and within 24" of curb ramp cannot exceed 5% | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 576 | Detectable warning: Curb ramps and blended transitions to have detectable warning contrasting visually with adjoining surfaces. The material used to provide contrast shall be an integral part of the walking surface. | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 577 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 578 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | **Perpendicular curb ramps - additional requirements** | |
| 580 | Direct slope of ramp cannot exceed 8.33% | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | Slope of flared sides of curb ramp cannot exceed 10% | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 582 | Level landing: Depth shall be 48" minimum at upper end of curb ramp over its full width and cannot exceed 2% slope in all directions | The current remediation plan calls for an elimination of the need for an accessible path in this area. |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|---|---|---|
| | **Curb Ramps and Blended Transition: Multiple curb ramps at Northwest parking lot off Technology Dr.** | |
| | **Common Requirements for perpendicular and parallel curb ramps and blended transitions** | |
| 609 | Detectable warning: Curb ramps and blended transitions to have detectable warning contrasting visually with adjoining surfaces. The material used to provide contrast shall be an integral part of the walking surface. | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 610 | Detectable warning: Curb ramps and blended transitions to have detectable warning that extends 36" in the direction of travel and full width of the ramp less 2" maximum on each side and excluding flared sides. | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 611 | Detectable warnings to be placed within 6" - 8" nearest to the curb from the line marking the transition between curb and street | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | **Doorway (General): To & from parking garage** | |
| | **Door Compliance** | |
| 636 | If door has a closer, then sweep period shall be 5 seconds minimum from open position of 90 degrees to a point 12 degrees from the latch | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 638 | Door not to exceed 5 lbs. opening force | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 644 | Door threshold height cannot exceed 1/4", or 1/2" at 50% slope | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Elevator: North at parking garage** | |
| | **Door** | |
| 687 | Door shall stop and reopen automatically if door is obstructed by an object or a person, effective for 20 seconds minimum | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 690 | Door shall remain open for 5 seconds minimum | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Elevator: Parking garage south** | |
| | **Landing** | |
| 750 | Braille shall also be placed below the star and shall translate to read "MAIN" | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 751 | Raised star 2" in outer diameter shall be placed on left of floor designation characters at the main entry level. All points of star shall be of equal length. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 752 | Raised characters and star shall be white on black background | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Door** | |
| 757 | Door shall stop and reopen automatically if door is obstructed by an object or a person, effective for 20 seconds minimum | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 760 | Door shall remain open for 5 seconds minimum | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Entrance Signs: Tenant spaces** | |
| 798 | All building entrances that are accessible to and useable by persons with disabilities to be identified with at least one standard ISA sign consisting of a white figure on a blue background. Additional directional ISA signs, as required at non-accessible entrances, shall indicate the location of the nearest accessible entrance. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 799 | When all entrances are not accessible, directional signs that indicate the location of the nearest accessible entrance provided at entrances that are not accessible. Characters on sign shall contrast with their background. Both characters and their background shall have a non-glare finish. Characters shall not be italic, oblique, script, highly decorative, or of other unusual forms. Characters shall have character height in compliance with table 11B-703.5.5 | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Fixed / Built-In Seating and Dining Surfaces: Main Piazza** | |
| 801 | General. 1 per 20 seating/standing spaces at dining surfaces or work surfaces for use by non-employees shall be accessible providing adequate knee and toe clearance and surface height. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|---|---|---|
| 803 | Dispersion. Accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces for each type of seating in a functional area. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 807 | Toe Clearance. Space between the finish floor or ground and 9" shall be considered toe clearance. Toe clearance shall be located 19" - 25" depth from front edge of dining surface, have clear width of 30" minimum, depth of 6" minimum, and be free of equipment/obstructions. Clearance beyond 6" depth at 9" height shall not be considered for toe clearance | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 808 | Knee Clearance. Space between 9" and 27" above the finish floor or ground shall be considered knee clearance and be permitted to reduce at a rate of 1" depth for each 6" height minimum. Depth of 19" minimum measured from front edge of dining surface towards the wall at height of 27" from floor is required | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 809 | Knee Clearance. Knee clearance shall have width of 30" minimum, and be free of equipment/obstructions. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Fixed / Built-In Seating and Dining Surfaces: @ fountain court island between retail elements and #1600** | |
| 811 | General. 1 per 20 seating/standing spaces at dining surfaces or work surfaces for use by non-employees shall be accessible providing adequate knee and toe clearance and surface height. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 813 | Dispersion. Accessible dining surfaces shall be dispersed throughout the space or facility containing dining surfaces for each type of seating in a functional area. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 817 | Toe Clearance. Space between the finish floor or ground and 9" shall be considered toe clearance. Toe clearance shall be located 19" - 25" depth from front edge of dining surface, have clear width of 30" minimum, depth of 6" minimum, and be free of equipment/obstructions. Clearance beyond 6" depth at 9" height shall not be considered for toe clearance | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 818 | Knee Clearance. Space between 9" and 27" above the finish floor or ground shall be considered knee clearance and be permitted to reduce at a rate of 1" depth for each 6" height minimum. Depth of 19" minimum measured from front edge of dining surface towards the wall at height of 27" from floor is required | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| 820 | Knee Clearance. Knee clearance shall have width of 30" minimum, and be free of equipment/obstructions. | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Ramp: To and from #1650 & #1700** | |
| | **Slope** | |
| 823 | Direct slope shall be between 5% and 8.33%. Total maximum rise shall not exceed 30" between each landing and at each change of direction | The Hudson Defendants shall provide an alternative path with directional signage to the accessible route. |
| | **Landings** | |
| 831 | Direct and cross slope of landings cannot exceed 2% | The Hudson Defendants shall provide an alternative path with directional signage to the accessible route. |
| 840 | Transition height at lip of curb ramp cannot exceed 1/4", or 1/2" at 50% slope | The Hudson Defendants shall provide an alternative path with directional signage to the accessible route. |
| | **Ramp: @ north west corner of the property by retail area and temporary city sidewalk route** | |
| | **Slope** | |
| 853 | Direct slope shall be between 5% and 8.33%. Total maximum rise shall not exceed 30" between each landing and at each change of direction | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 856 | Cross slope cannot exceed 2% | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | **Ramp run** | |
| 860 | To prevent wheel entrapment, a continuous and uninterrupted wheel guide shall be provided 2" - 4" high along entire length of ramp | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | **Landings** | |
| 863 | Ramps shall have landings at top and bottom of each ramp run | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 865 | Direct and cross slope of landings cannot exceed 2% | The current remediation plan calls for an elimination of the need for an accessible path in this area. |

REMEDIATION CHART

# Mendoza v. City of San Jose, PG&E, et al.

PROTECTED BY MEDIATION PRIVILEGE

ADDRESS: 90 Skyport Dr., San Jose, CA 95110

| ITEM | DESCRIPTION | RESOLUTION |
|---|---|---|
| | **Handrails** | |
| 874 | Handrails to be located both sides of the ramp and shall not rotate in their fittings. Inside handrails on switchback or dogleg ramps shall be continuous between flights or runs | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 876 | Top grip surface of handrail shall be between 34" to 38" high and shall be at a consistent height | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 878 | Handrail shall be continuous along their length and not be obstructed along their tops or sides | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 881 | Grab bar diameter to be 1 1/4" - 2" (circular). Grab bars with non-circular cross sections shall have a perimeter dimension of 4" - 6 1/4" and a cross-section dimension of 2 1/2" maximum | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| 883 | Handrails to extend 12" past top and bottom of ramp. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent ramp run | The current remediation plan calls for an elimination of the need for an accessible path in this area. |
| | **Site Entrance Signage: Off Technology Dr. North entrance** | |
| 888 | Sign shall clearly state with letters with a minimum height of 1": "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at: ___ or by telephoning ___" | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |
| | **Site Entrance Signage: Off Technology Dr. South entrance** | |
| 892 | Sign shall clearly state with letters with a minimum height of 1": "Unauthorized vehicles parked in designated accessible spaces not displaying distinguishing placards or special license plates issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at: ___ or by telephoning ___" | The Hudson Defendants will perform corrective work as stated in the Consent Decree. |