UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTINA MENDOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>PACIFIC GAS & ELECTRIC COMPANY, et al.,<br><br>  Defendants. | Case No.  17-cv-03579-SVK<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 76 |

The Court is in receipt of Plaintiff Cristina Mendoza's motion to file a first amended complaint. Dkt. 76. In this amended complaint, Plaintiff seeks to: (1) name two additional defendants, Skyport Plaza Owner's Association and Hudson Pacific Properties L.P ("the two new defendants"); (2) clarify the address and parcel number of the property where Plaintiff alleges she was injured; (3) seek damages and injunctive relief against the two new defendants; (4) assert a duty to inspect and maintain the area where Plaintiff was injured as to unspecified defendants; (5) state that she intends to return to the property; (6) remove references to defendants that have been dismissed; and (7) remove claims and allegations associated with municipal liability. *See* Dkts. 76 at 2, 76-1. All parties in this litigation have consented to the jurisdiction of the undersigned. Dkts. 9, 28, 32. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for decision without oral argument. Based on the arguments and the relevant law, the Court **GRANTS** Plaintiff's motion for the reasons discussed below.

"Requests for leave to amend should be granted with 'extreme liberality.'" *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)) (internal citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the

opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).  Here, Defendants Hudson Skyport Plaza, LLC; Hudson Skyport Plaza Land, LLC; and Hudson Pacific Properties, Inc. (collectively, the "Hudson Defendants") argue that allowing Plaintiff to amend her complaint would be prejudicial and would cause undue delay.  Dkt. 80.

First, the Hudson Defendants argue that allowing Plaintiff to amend her complaint would prejudice them because Plaintiff's amended complaint seeks to revive claims for injunctive relief that were already disposed of in a Consent Decree (Dkt. 44).  Dkt. 80 at 3.  The Hudson Defendants contend that new defendant Hudson Pacific Properties L.P. is a subsidiary of one of the Hudson Defendants and that one of the Hudson Defendants is the general partner and primary operating entity for all Hudson properties.  *Id*.  They also contend that one of the Hudson Defendants owns 25% of new defendant Skyport Plaza Owner's Association.  *Id*.  Plaintiff has stated that she will not bring claims for injunctive relief against any of the Hudson Defendants.  Dkts. 76 at 6, 76-1 at 18.  The Court does not find that allowing Plaintiff to amend her complaint would be prejudicial to the Hudson Defendants.  Plaintiff has a valid reason for amending her complaint - she discovered two new defendants who may be responsible for her injury and seeks to avoid an "empty chair" at trial.  Though the Hudson Defendants appear to argue that the two new defendants would be covered by the Consent Decree, the Court does not find that such an argument constitutes prejudice as to amendment.  Rather, the two new defendants may advance that argument by motion at the appropriate time in the litigation.

Second, the Hudson Defendants contend that amending the complaint would create undue delay.  Dkt. 80 at 3-4.  They argue that because the current mediation deadline is June 30, 2020, amending the complaint to add the two new defendants could delay mediation efforts while the new parties get up to speed.  *Id*.  The Hudson Defendants also argue that a delay would prejudice their ability to have Defendant PG&E contribute to or pay for the settlement of this case.  *Id*.  The Court is similarly unpersuaded by these arguments.  If the two new defendants are as closely related to the Hudson Defendants as the Hudson Defendants allege, the two new defendants are

1 likely to be able to familiarize themselves with the current litigation quickly.  Further, given the
2 uncertainty surrounding the current COVID-19 pandemic, it is likely that current deadlines will
3 change.  As for the impact on Defendant PG&E's participation in this litigation, the Hudson
4 Defendants only refer to Defendant PG&E's anticipated exit from bankruptcy in June without
5 providing any factual support as to how an amendment at this time would negatively impact
6 Defendant PG&E's participation in the litigation in the future.

7 Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff's motion to file a
8 first amended complaint.  Plaintiff must file her amended complaint within fourteen (14) days of
9 this Order.

10 **SO ORDERED.**

11 Dated: April 17, 2020

SUSAN VAN KEULEN
United States Magistrate Judge